**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| ELECTRONIC PRIVACY INFORMATION | ) | |
| CENTER, | ) | Civil Action No:  14-1217 (RBW) |
| | ) | |
| Plaintiff, | ) | ECF |
| | ) | |
| v. | ) | |
| | ) | |
| CUSTOMS AND BORDER PROTECTION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE REGARDING DEADLINE FOR DEFENDANT TO ANSWER OR**
**OTHERWISE RESPOND TO COMPLAINT**

On July 18, 2014, Plaintiff Electronic Privacy Information Center commenced this action,

pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records

that it asserts are maintained by Defendant Customs and Border Protection. *See* ECF No. 1. In

this case, Defendant submits that its deadline to file an answer or other response to the complaint

should be September 10, 2014, and not September 4, 2014, as currently reflected on the ECF

docket.

The deadline for the Defendant Customs and Border Protection to answer or otherwise

respond to the FOIA complaint in this action is 30 days after service on the United States

Attorney. *See* 5 U.S.C. § 552(a)(4)(C); Fed. R. Civ. P. 4(i)(1)(A) (requiring service on the United

States Attorney in cases brought against the United States and its Agencies); Fed. R. Civ. P.

12(a)(2) (specifically setting answer as due after service on the United States Attorney).

Consequently, the time for Defendant to respond to the Complaint did not start to run until the

United States Attorney received the mail. *See* Fed. R. Civ. P. 12(a)(2); *see, e.g., Murphy*

*Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process,

under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant"); *Morse v. Elmira Country Club*, 752 F.2d 35, 41 (2d Cir. 1984) (noting that "service was effective where the recipient received the mail and accordingly obtained *actual notice*") (emphasis added).

Plaintiff served the United States Attorney with a copy of the summons and complaint by certified mail, and the Clerk calculated a September 4, 2014 deadline for the Answer based on the return of service affidavit filed by Plaintiff's counsel. *See* ECF No. 7-5 (return of service reflecting delivery of certified mail package to "Washington, DC 20530"). The return of service information is consistent with the safety precautions implemented in response to the anthrax attacks in 2001, which require mail addressed to the United States Attorney's Office to be initially routed through the main mail room for the Department of Justice. *See* Ex. A, Declaration of Daniel F. Van Horn, Chief, Civil Division ("Van Horn Declaration"), ¶ 3. This screening process is accomplished through use of the ZIP Code 20530, and at times results in delayed delivery of mail intended for the Office of the United States Attorney. *Id.*

Service was not perfected here until the summons and complaint was actually received by the United States Attorney's Office, Civil Division, on August 11, 2014. *See* Van Horn Decl., ¶ 6. Further, the certified mail package was not received and processed by a civil process clerk in the United States Attorney's Office until two days later, on August 13, 2014. *See* Fed. R. Civ. P. 4(i)(1)(A)(ii) (service may be effected by sending process to "the civil-process clerk at the United States attorney's office"). Although service arguably was not perfected until this later date, Defendant's position in this case is that service was perfected on August 11, 2014.[1]

---

[1]  After this case was assigned, undersigned counsel contacted Plaintiff, through counsel, and advised of the delay in receipt of the summons and complaint by this Office, and sought to reach an agreement as to the effective date of service, and the proper deadline for Defendant's answer.

Therefore, undersigned counsel respectfully submits that the deadline for Defendant to answer or otherwise respond to the complaint should properly be set as September 10, 2014, based on the declaration attached hereto, which is 30 days after the summons and complaint were initially received by the Office of the United States Attorney.[2]

Respectfully submitted,

RONALD C. MACHEN JR, DC Bar # 447889
United States Attorney for the District of
 Columbia

DANIEL F. VAN HORN, DC Bar # 924092
Chief, Civil Division

By:   /s/
    JOHN G. INTERRANTE
    PA Bar # 61373
    Assistant United States Attorney
    Civil Division
    555 4th Street, NW, Room E-4808
    Washington, DC  20530
    Tel:  202.252.2519
    Fax:  202.252.2599
    Email: John.Interrante@usdoj.gov

---

Undersigned counsel also provided Plaintiff, through counsel, with a copy of the Van Horn Declaration, prior to filing this notice. Plaintiff has refused to agree to a service date of either September 10 or September 12. Defendant is not clear as to the legal basis for Plaintiff's position that service was perfected before a copy of the summons and complaint was actually received by the Office of the United States Attorney's Office, as plainly required by the Federal Rules of Civil Procedure.  Indeed, if Plaintiff wished to insist on an earlier response date, it could have simply served the summons and complaint by hand. *See* Fed. R. Civ. P. 4(i)(1)(A)(i).

[2] To the extent that the Court finds that Defendant is required to seek an extension of time to respond to the Complaint, Defendant respectfully advises the Court that, pursuant to Rule 7(m) of the Rules of the United States District Court for the District of Columbia, undersigned counsel conferred with Plaintiff, through counsel, regarding Plaintiff's position on any such motion and Plaintiff advised it will oppose the motion. Defendant anticipates filing a separate motion for an extension of time.