UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CUSTOMS AND BORDER PROTECTION, | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No: 14-1217 (RBW)

ECF

## **DEFENDANT'S ANSWER**

Defendant U.S. Customs and Border Protection ("Defendant" or "CBP"), a component of the U.S. Department of Homeland Security ("DHS"), by and through undersigned counsel, hereby responds to Plaintiff Electronic Privacy Center ("Plaintiff" or "EPIC")'s Complaint (ECF No. 1).

### First Defense

Defendant has conducted (or is in the process of conducting) adequate searches in response to Plaintiff's request for records under the Freedom of Information Act ("FOIA"), as amended, 5 U.S.C. § 552, and is in the process of releasing non-exempt, responsive records, or segregable portions thereof. To the extent that releases are forthcoming, the non-exempt records may be disclosed on a rolling basis. Defendant further avers that some or all of the records sought by Plaintiff may be exempt, in part or in full, from release under FOIA exemptions.

Second Defense

Plaintiff has failed to exhaust its administrative remedies to the extent that part of the FOIA request is so broad as to impose an unreasonable burden on the agency or, alternatively, the exempt personally identifiable information in the records of the Analytical Framework for Intelligence ("AFI") cannot reasonably be segregated because the information is inextricably intertwined with non-exempt material and manual review is unduly burdensome.

Third Defense

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, Defendant admits, denies and otherwise avers as follows:[1]

**INTRODUCTION**

1-2.    These paragraphs contains Plaintiff's legal and factual characterization of this action, to which no response is necessary. To the extent a response is required, Defendant admits that Plaintiff's action is brought under the FOIA, and seeks records requested under the statute, but denies the remaining allegations of these paragraphs.

**JURISDICTION AND VENUE**

3.    Paragraph 3 of the Complaint sets forth legal conclusions and allegations of subject matter jurisdiction and venue, to which no response is required. Defendant does not contest this Court's jurisdiction over this action or venue in this District.

**PARTIES**

4.    Defendant lacks knowledge or information sufficient to form a belief as to the

---

[1] To the extent the Complaint refers to or quotes from external documents, statutes or other sources, Defendant may refer to such materials for their accurate and complete contents in its responses to particular allegations; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

truth of the allegations in Paragraph 4 of the Complaint pertaining to Plaintiff and Plaintiff's characterizations about its mission and activities, and therefore denies the allegations in this paragraph.

5. Defendant admits that CBP is a component of the Department of Homeland Security, is an agency of the federal government, and that CBP's headquarters are located in Washington, DC.

## FACTS

6-12. Defendant admits that a Privacy Impact Assessment ("PIA") for the Analytical Framework for Intelligence, dated June 1, 2012, has been published on the DHS website, and is the document cited by Plaintiff in Paragraphs 6-12 of the Complaint. Defendant avers that the June 1, 2012 PIA for AFI is a publicly available document that speaks for itself, and no further response is necessary. To the extent a response is required to Paragraphs 6-12 of the Complaint, Defendant respectfully refers the Court to the PIA for a complete and accurate statement of its contents.

13. Defendant admits that a Government Accountability Office ("GAO") report entitled *Data Mining: DHS Needs to Improve Executive Oversight of Systems Supporting Counterterrorism* (September 2011)[2] provided a description of AFI, which was copied by the website cited by Plaintiff in Paragraph 13 of the Complaint. Defendant avers that the GAO report is a publicly available document that speaks for itself, and no further response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the GAO report for a complete and accurate statement of its contents.

14. Defendant admits that the DHS 2013 Data Mining Report to Congress, dated February 2014, and cited by Plaintiff in Paragraph 14 of the Complaint has been published on the

---

[2] Available at http://www.gao.gov/products/GAO-11-742.

DHS website. Defendant avers that the 2013 Data Mining Report to Congress is a publicly available document that speaks for itself, and no further response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the report for a complete and accurate statement of its contents.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the assertion in the article cited by Plaintiff in Paragraph 15 of the Complaint that CBP dedicated approximately $51.5 million for AFI from 2011 to 2013 because the source of this information is not clear from the article.

16. Defendant admits that information regarding AFI is available on ITDashboard.gov. Defendant avers that this is publicly available information that speaks for itself, and therefore no response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the website for a complete and accurate statement of its contents.

17. Defendant admits that the DHS 2013 Data Mining Report to Congress, dated February 2014, and cited by Plaintiff in Paragraph 17 of the Complaint, has been published on the DHS website. The 2013 Data Mining Report to Congress is a publicly available document that speaks for itself, and no further response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the report for a complete and accurate statement of its contents.

18. Defendant admits that information regarding AFI is available on ITDashboard.gov. Defendant avers that this is publicly available information that speaks for itself, and therefore no response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the website for a complete and accurate statement of its contents.

19. Defendant admits that a PIA for AFI, dated June 1, 2012, and cited by Plaintiff in paragraph 19 of the Complaint, has been published on the DHS website. Defendant avers that the June 1, 2012 PIA for AFI is a publicly available document that speaks for itself, and therefore no response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the PIA for a complete and accurate statement of its contents.

20. The allegations in this paragraph consist of legal argument, opinions and characterizations of Plaintiff's reasons for submitting the FOIA request, and are not facts for which a response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph.

21. Defendant admits that a PIA for AFI, dated June 1, 2012, and cited by Plaintiff in paragraph 21 of the Complaint, has been published on the DHS website. Defendant avers that the June 1, 2012 PIA for AFI is a publicly available document that speaks for itself, and therefore no response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the PIA for a complete and accurate statement of its contents.

22. Defendant admits that a System of Records Notice ("SORN") for the Automated Targeting System ("ATS") was published in the Federal Register on May 22, 2012. Defendant avers that the May 22, 2012 SORN for ATS, which is cited by Plaintiff in Paragraph 22 of the Complaint, is a publicly available document that speaks for itself, and therefore no response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the SORN for a complete and accurate statement of its contents.

23-24. Defendant admits that a PIA for ATS, dated June 1, 2012, and cited by Plaintiff in Paragraphs 23-24 of the Complaint, has been published on the DHS website. Defendant avers that the June 1, 2012 PIA for ATS is a publicly available document that speaks for itself, and

therefore no response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the PIA for a complete and accurate statement of its contents.

25-27. Defendant admits that a SORN for ATS was published in the Federal Register on May 22, 2012. Defendant avers that the May 22, 2012 SORN for ATS, which is cited by Plaintiff in Paragraphs 25-27 of the Complaint, is a publicly available document that speaks for itself, and therefore no response is necessary. To the extent that a response is required, Defendant respectfully refers the Court to the SORN for a complete and accurate statement of its contents.

28. The allegations in Paragraph 28 of the Complaint consist of legal argument, opinions and characterizations of Plaintiff's reasons for submitting the FOIA request, and are not facts for which a response is necessary. To the extent a response is required, Defendant denies the allegations.

### **FOIA REQUEST**

29. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 28.

30. Defendant admits that CBP received a FOIA request letter from EPIC, dated April 8, 2014. The remaining allegations contain Plaintiff's characterization of the request, to which no response is necessary. Defendant avers that the request is the best evidence of its contents, and to the extent that Paragraph 30 differs, Defendant denies the allegations contained in this paragraph.

31. Defendant admits that EPIC's FOIA request, dated April 8, 2014, requested four categories of agency records. The four categories listed in Paragraph 31 of the Complaint are consistent with the FOIA request with the exception of number four, which included only the following language in the FOIA request received by CBP: "The Privacy Compliance Report

6

initiated in August of 2013." Defendant avers that the request is the best evidence of its contents, and to the extent that Paragraph 31 differs, Defendant denies the allegations contained in this paragraph.

32. Defendant admits that EPIC sought "News Media" fee status in its request, dated April 8, 2014.

33. Defendant admits that EPIC sought a waiver of any duplication fees in its request, dated April 8, 2014.

34. Defendant lacks knowledge or information sufficient to form a belief as to when the United States Postal Service's tracking information shows CBP received EPIC's FOIA request. Defendant avers it received EPIC's FOIA request, dated April 8, 2014, in its FOIA office on April 15, 2014.

35. Defendant admits that it has not responded to EPIC's FOIA request, dated April 8, 2014.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 35.

37. Defendant avers that on April 15, 2014 it received EPIC's FOIA request, dated April 8, 2014. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38-39. Defendant admits that it has not responded to EPIC's FOIA request, dated April 8, 2014. The remaining allegations in Paragraphs 38 and 39 of the Complaint constitute conclusions of law, to which no response is necessary. To the extent a response is required, Defendant denies the remaining allegations in these paragraphs.

## COUNT I

40. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 39.

41-43. The allegations contained in Paragraphs 41-43 of the Complaint constitute conclusions of law, to which no response is necessary. To the extent a response is required, Defendant denies the allegations in these paragraphs.

## COUNT II

44. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 43.

45-48. Defendant admits that it has not responded to EPIC's FOIA request, dated April 8, 2014. The remaining allegations in Paragraphs 45-48 of the Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Defendant denies the allegations in these paragraphs.

## REQUESTED RELIEF

The remainder of Plaintiff's Complaint, set forth in Paragraphs A to D, consists of Plaintiff's requests for relief, to which no response is required. To the extent that a response is deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested, or to any other relief, including attorney's fees.

## GENERAL DENIAL

Defendant expressly denies all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer.

WHEREFORE, having fully answers, Defendant respectfully prays that Plaintiff's complaint be dismissed with prejudice and judgment be entered in Defendant's favor and enter such other and further relief for Defendant as is appropriate.

        Respectfully submitted,

        RONALD C. MACHEN JR, DC Bar # 447889
        United States Attorney for the District of
          Columbia

        DANIEL F. VAN HORN, DC Bar # 924092
        Chief, Civil Division

By:    /s/
        JOHN G. INTERRANTE, PA Bar # 61373
        Assistant United States Attorney
        Civil Division
        555 4th Street, NW, Room E-4808
        Washington, DC  20530
        Tel:    202.252.2519
        Fax:   202.252.2599
        Email: John.Interrante@usdoj.gov