# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil No: 1:14-cv-01217 (RBW) |
| v. | )<br>) |
| CUSTOMS AND BORDER PROTECTION, | )<br>) |
| Defendant. | )<br>) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME**

Plaintiff, Electronic Privacy Information Center ("EPIC") respectfully opposes Defendant's Friday May 15, 2015, Motion for Extension of Time to File Defendant's Motion for Summary Judgment. In opposition, EPIC states as follows:

1. Defendant previously requested a four-week extension on September 4, 2014, to file the answer, which EPIC did not oppose and which the Court granted.

2. In subsequently negotiating a proposed briefing schedule, EPIC agreed to extend the deadlines for the parties' filings as a professional courtesy to accommodate opposing counsel's trial schedule.

3. On February 27, 2015, EPIC filed a joint status report, detailing the proposed schedule to which both EPIC and opposing counsel, on behalf of the Defendant Customs and Border Protection, agreed.

4. On March 25, 2015, in accordance with the joint status report, this Court entered a Minute Order directing the government to file a motion for summary judgment on or before May 15, 2015.

5. On May 11, 2015, opposing counsel contacted EPIC and again requested a delay of the briefing schedule in this matter.

6. The Court's Standing Order in this matter makes clear that "Motions for Extension of time are *strongly discouraged*. Parties should not expect the Court to grant extensions. Counsel seeking an extension of time *must* file a motion and a proposed order including a detailed declaration of the grounds for the extension sought. The Court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the Court denies the continuance." Hon. Judge Reggie B. Walton, *General Order and Guidelines for Civil Cases (ECF)*, § 4 (emphasis added).

7. In the response to opposing counsel's request sent on Monday March 11, 2015, for consent to file a motion for a three-week extension, EPIC stated that it would consent to an extension for one week but would oppose any longer extension.

8. On May 15, 2015, the day the Summary Judgment motion was due, opposing counsel asked this Court for a three-week extension.

9. Opposing counsel has not shown good cause to justify a three-week extension, and this late request was filed in clear violation of this Court's standing order. For that reason alone, it should be denied.

10. The motion should also be denied because the defendant has not shown good cause. Courts have previously held that "press of business is not an adequate reason

for an extension[.]" Minute Order Denying Motion for Extension, No. 1:12-cv-00127-BJR (D.D.C. Apr. 10, 2014). Given that the primary justification cited in the Motion is the press of business, Defendant has failed to establish good cause to justify this extension.

11. The motion should also be denied because it was not timely filed as required under the Court's standing order. Any request for an extension must be filed at least four business days prior to the deadline. Hon. Judge Reggie B. Walton, *General Order and Guidelines for Civil Cases (ECF)*, § 4. Defendant's motion was filed on May 15, 2015, the same day that defendant's motion for summary judgment was due. Therefore, the Defendant has failed to meet the standard outlined in this Court's standing order. Furthermore, EPIC notified opposing counsel on Tuesday March 12, 2015, of its intent to oppose any motion requesting an extension of more than one week. Counsel has offered no explanation for why this motion was not filed until the day of the deadline. For that reason alone, the motion should be denied.

For the above stated reasons, Plaintiff respectfully asks this Court to deny Defendant's Motion to File Defendant's Motion for Summary Judgment.

4

Dated: May 16, 2015                    Respectfully submitted,

                                       MARC ROTENBERG, D.C. Bar # 422825
                                       EPIC PRESIDENT

                                       ALAN BUTLER, D.C. Bar # 1001104
                                       EPIC SENIOR COUNSEL

                                       /s/ Khaliah Barnes
                                       KHALIAH BARNES, D.C. Bar # 1013978
                                       ELECTRONIC PRIVACY
                                       INFORMATION CENTER
                                       1718 Connecticut Avenue, N.W.
                                       Suite 200
                                       Washington, D.C. 20009
                                       (202) 483-1140 (telephone)
                                       (202) 483-1248 (facsimile)
                                       Email: barnes@epic.org



                                       *Attorneys for Plaintiff*