**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
ELECTRONIC PRIVACY                      )
INFORMATION CENTER,                     )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No. 14–1217 (RBW)
                                        )
CUSTOMS AND BORDER                      )
PROTECTION,                             )
                                        )
                Defendant.              )
_____)

<u>**MEMORANDUM OPINION**</u>

The plaintiff, Electronic Privacy Information Center, submitted a request to the

defendant, Customs and Border Protection, a component of the Department of Homeland

Security ("DHS"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012),

seeking documents relating to the defendant's Analytical Framework for Intelligence system.

Complaint ("Compl.") ¶ 2.  The defendant has produced, in whole or in part, some responsive

documents in response to the FOIA request, and withheld certain other materials pursuant to

Exemption 7(E) of the FOIA, 5 U.S.C. § 552(b)(7)(E).  Currently pending before the Court are

the Defendant's Motion for Summary Judgment ("Def.'s Mot."), ECF No. 18, and the Plaintiff's

Combined Opposition to [the] Defendant's Motion for Summary Judgment and Cross-Motion for

Summary Judgment ("Pl.'s Mot."), ECF No. 20.  Upon careful consideration of the parties'

submissions, the Court concludes that the defendant's motion must be denied and the plaintiff's

motion must be granted in part and denied in part.[1]

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its

(continued . . . )

# I.   BACKGROUND

The following facts are undisputed unless otherwise noted.  The plaintiff submitted its

FOIA request to the defendant in April 2014, seeking information primarily relating to the

defendant's Analytical Framework for Intelligence ("AFI") system.  Def.'s Facts ¶ 1; Pl.'s Facts

¶ 1.  According to the defendant, the AFI system "enhances DHS's ability to identify, apprehend,

and prosecute individuals who pose a potential law enforcement or security risk; and it aids in

the enforcement of customs and immigration laws, and other laws enforced by DHS at the

border."  Def.'s Facts ¶ 2 (quoting Notice, Analytical Framework for Intelligence (AFI) System,

77 Fed. Reg. 33753, 33753 (June 7, 2012)).  But see Pl.'s Facts ¶ 2 (partially disputing matters

set forth in Def.'s Facts ¶ 2).  In addition, the defendant states that the AFI system "improves the

efficiency and effectiveness of [Customs and Border Protection's] research and analysis process

by providing a platform for the research, collaboration, approval, and publication of finished

intelligence products."  Def.'s Facts ¶ 2 (quoting 77 Fed. Reg. at 33753).  But see Pl.'s Facts ¶ 2

(partially disputing matters set forth in Def.'s Facts ¶ 2).

The plaintiff's FOIA request sought four categories of information:

1. All AFI training modules, request forms, and similar final guidance
   documents that are used in, or will be used in, the operation of the program;
2. Any records, memos, opinions, communications, or other documents that
   discuss potential or actual sources of information not currently held in DHS
   databases, or potential or actual uses of information not currently held in DHS
   databases;

---

( . . . continued)
decision: (1) the Defendant's Statement of Material Facts as to Which There Is No Genuine Dispute ("Def.'s
Facts"); (2) the Memorandum of Points and Authorities in Support of [the] Defendant's Motion for Summary
Judgment ("Def.'s Mem."); (3) the Declaration of Sabrina Burroughs ("Burroughs Decl."); (4) the Memorandum of
Law in Support of [the] Plaintiff's Opposition and Cross-Motion for Summary Judgment ("Pl.'s Mem."); (5) the
Plaintiff's Statement of Material Facts Not in Dispute and Response to [the] Defendant's Statement of Facts Not in
Dispute ("Pl.'s Facts"); (6) the Defendant's Consolidated Reply and Opposition to [the] Plaintiff's Cross-Motion for
Summary Judgment ("Def.'s Reply"); (7) the Defendant's Response to [the] Plaintiff's Statement of Material Facts
in Support of Cross-Motion for Summary Judgment ("Def.'s Response to Pl.'s Facts"); and (8) the Plaintiff's Reply
in Support of the Cross-Motion for Summary Judgment ("Pl.'s Reply").

    3.   Any records, contracts, or other communications with commercial data
         aggregators regarding the AFI program; [and]
    4.   The Privacy Compliance Report initiated in August of 2013.

Def.'s Mot., Exhibit ("Ex.") B at 2; Pl.'s Mot., Ex. 1 at 1.  After the defendant failed to comply

with the plaintiff's FOIA request within the statutory deadline, the plaintiff initiated this suit.

Def.'s Facts ¶ 3; Pl.'s Facts ¶ 1.  Subsequently, the defendant located 358 pages of responsive

records of which 89 were released in full, 267 were partially released, and 2 pages were withheld

in full.  Def.'s Facts ¶ 4; Pl.'s Facts ¶ 1.  One of the documents initially withheld in full, the

Privacy Compliance Report, is no longer being withheld and has been produced to the plaintiff

by the defendant.  Def.'s Facts ¶ 5; Pl.'s Facts ¶ 1.  The information not produced was withheld

by the defendant pursuant to FOIA Exemptions 3, 4, 6, 7(C), and 7(E), 5 U.S.C. § 552(b)(3),

(b)(4), (b)(6), (b)(7)(C), (b)(7)(E).  Def.'s Facts ¶ 5; Pl.'s Facts ¶ 1.  The plaintiff no longer

challenges the defendant's withholdings under Exemptions 3, 4, 6, and 7(C), Pl.'s Mem. at 6;

Def.'s Reply at 2, but continues to challenge the defendant's withholdings in full or in part

information contained in 314 pages under Exemption 7(E), Pl.'s Mem. at 6.

## II.    STANDARD OF REVIEW

      The Court must grant a motion for summary judgment "if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  When ruling on a motion for summary judgment, the Court must

view the evidence in the light most favorable to the non-moving party.  Holcomb v. Powell, 433

F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150

(2000)).  The Court must therefore draw "all justifiable inferences" in the non-moving party's

favor and accept the non-moving party's evidence as true.  Anderson v. Liberty Lobby, 477 U.S.

242, 255 (1986).  The non-moving party, however, cannot rely on "mere allegations or denials."

Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248).  Thus,

"[c]onclusory allegations unsupported by factual data will not create a triable issue of fact." Pub. Citizen Health Research Grp. v. Food & Drug Admin., 185 F.3d 898, 908 (D.C. Cir. 1999) (quoting Exxon Corp. v Fed. Trade Comm'n, 663 F.2d 120, 126–27 (D.C. Cir. 1980)) (alteration in original).  If the Court concludes that "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Moreover, "in ruling on cross-motions for summary judgment, the [C]ourt shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed."  Shays v. Fed. Election Comm'n, 424 F. Supp. 2d 100, 109 (D.D.C. 2006) (citation omitted).

FOIA cases are typically resolved on motions for summary judgment.  Ortiz v. U.S. Dep't of Justice, 67 F. Supp. 3d 109, 116 (D.D.C. 2014); Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  "[The] FOIA requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by the statute's exemptions."  Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (citation omitted).  In a FOIA action, the defendant agency has "[the] burden of demonstrating that the withheld documents [requested by the FOIA requester] are exempt from disclosure." Boyd v. Dep't of Justice, 475 F.3d 381, 385 (D.C. Cir. 2007) (citation omitted).  The Court will grant summary judgment to the government in a FOIA case only if the agency can prove "that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester."  Friends of Blackwater v. Dep't of Interior, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (quoting Greenberg v. U.S. Dep't of Treasury, 10 F. Supp. 2d 3, 11 (D.D.C. 1998)).  To satisfy its burden and prove

that it has fully discharged its FOIA obligations, a defendant agency typically submits a <u>Vaughn</u>

index, which provides "a relatively detailed justification" for each withheld document,

"specifically identifying the reasons why a particular exemption is relevant and correlating those

claims with the particular part of [the] withheld document to which they apply." <u>King v. Dep't</u>

<u>of Justice</u>, 830 F.2d 210, 219 (D.C. Cir. 1987) (quoting <u>Mead Data Cent. v. U.S. Dep't of Air</u>

<u>Force</u>, 566 F.2d 242, 251 (D.C. Cir. 1977)); <u>see also</u> <u>Vaughn v. Rosen</u>, 484 F.2d 820, 826–27

(D.C. Cir. 1973) (setting forth requirements for agency's description of documents withheld to

allow a court to assess the agency's claims).  Thus, in a lawsuit brought to compel the production

of documents under the FOIA, "an agency is entitled to summary judgment if no material facts

are in dispute and if it demonstrates that each document that falls within the class requested

either has been produced . . . or is wholly[, or partially,] exempt [from disclosure]." <u>Students</u>

<u>Against Genocide</u>, 257 F.3d at 833 (quoting <u>Goland v. Cent. Intelligence Agency</u>, 607 F.2d 339,

352 (D.C. Cir. 1978)).

### III.   ANALYSIS

The issue for the Court to resolve in this case is whether the defendant improperly

withheld documents from the plaintiff pursuant to Exemption 7(E) of the FOIA.[2]  "A claim of

exemption will be honored when the agency meets its burden of showing that the withheld

documents were actually of such a character as to fit one or more of the [FOIA's] exemptions."

<u>Nat'l Treasury Emps. Union v. U.S. Customs Serv.</u>, 802 F.2d, 525, 527 (D.C. Cir. 1986) (citing

<u>Shaw v. Fed. Bureau of Investigation</u>, 749 F.2d 58, 81 (D.C. Cir. 1984)).  "Where, as here, an

agency has not described each chunk of redacted text individually but instead has grouped it into

a descriptive category, the agency satisfies its obligations under the FOIA only if the context of

---

[2] As was noted previously, the plaintiff has expressly conceded all except for the defendant's claims under
Exemption 7(E).  <u>See</u> Pl.'s Mem. at 6.

the redacted material suffices to show that the information withheld falls within the relevant category and hence is truly exempt from disclosure." Clemente v. Fed. Bureau of Investigation, 741 F. Supp. 2d. 64, 61 (D.D.C. 2010) (citing King, 830 F.2d at 220, and Schoenman v. Fed. Bureau of Investigation, 604 F. Supp. 2d 174, 197–98 (D.D.C. 2009)).

Exemption 7(E) excludes from disclosure records or information "compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).[3] "In order for the government to invoke the 'techniques and procedures' prong of Exemption 7(E), it must demonstrate that its withholdings meet three basic requirements. First, the government must show that the documents were in fact 'compiled for law enforcement purposes' and not for some other reason." Am. Immig. Council v. U.S. Dep't of Homeland Sec., 950 F. Supp. 2d 221, 245 (D.D.C. 2013) (citing 5 U.S.C. § 552(b)(7)); see John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989) (discussing the phrase "records or information compiled for law enforcement purposes," and stating that "[b]efore it may invoke this provision, the [g]overnment has the burden of proving the existence of such a compilation for such a purpose."); Showing Animals Respect & Kindness v. U.S. Dep't of Labor, 730 F. Supp. 2d 180, 199 (D.D.C. 2010) ("Information that relates to law enforcement techniques, policies, and procedures is properly withheld under this exemption."). "Second, [the agency] must show that the records contain law-enforcement techniques and procedures that are 'generally unknown to

---

[3] The District of Columbia Circuit has applied the last clause of Exemption 7(E), i.e., the "risk of circumvention of the law" requirement, to both "techniques and procedures for law enforcement investigations or prosecutions" and "guidelines for law enforcement investigations or prosecutions." Pub. Emps. for Envntl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, 740 F.3d 195, 204 n.4 (D.C. Cir. 2014).

the public.'" <u>Am. Immig. Council</u>, 950 F. Supp. 2d at 245 (quoting <u>Nat'l Whistleblower Ctr. v.
Dep't of Health & Human Servs.</u>, 849 F. Supp. 2d 13, 36 (D.D.C. 2012)).  "Finally, the
government must show that disclosure 'could reasonably be expected to risk circumvention of
the law.'" <u>Id.</u> (citing 5 U.S.C. § 552(b)(7)(E) and <u>Nat'l Whistleblower</u>, 849 F. Supp. 2d at 36).

      The defendant represents through the Declaration of Sabrina Burroughs (hereinafter, the
"Burroughs Declaration"), that it applied Exemption 7(E) to deny disclosure of (1) "screen shots
of the AFI system"; (2) "specific information regarding how to navigate and use the AFI
system"; and (3) "descriptions of law enforcement techniques and procedures regarding the use
of the AFI system, its capabilities, and the defendant's processing of international travelers,"
from 314 pages.  Burroughs Decl. ¶ 32; Pl.'s Mem. at 6.  Although the plaintiff concedes that
"[t]he records at issue in this case likely satisfy Exemption 7's "law enforcement purpose"
requirement, it nevertheless asserts that the Burroughs Declaration is insufficient to demonstrate
that the materials withheld by the defendant "would reveal techniques and procedures for law
enforcement investigations or prosecutions" as required by Exemption 7(E), and to establish that
their disclosure risks circumvention of the law.  Pl.'s Mem. at 10; <u>see also</u> 5 U.S.C.
§ 552(b)(7)(E).  Upon a careful review of the Burroughs Declaration, the Court concludes that
the plaintiff has the more convincing argument.

      The Burroughs Declaration "exhibit[s] . . . inadequacies that courts in [this] . . . Circuit
have cautioned against." <u>Am. Immig. Council</u>, 950 F. Supp. 2d at 247.  First, the Burroughs
Declaration provides a categorical description of the material withheld, without providing any
exhibits or page references to allow the Court to assess whether the defendant's claims, in
context, are meritorious.  <u>See generally</u> Burroughs Decl. ¶¶ 30–35; <u>see also</u> <u>Am. Immig. Council</u>,
950 F. Supp. 2d at 247 ("The <u>Vaughn</u> index groups many of the 7(E) withholdings into a single,

catchall category for which no page numbers are indicated.").  Second, the Burroughs

Declaration does not describe the underlying law enforcement techniques and procedures the

defendant seeks to protect; it merely relies on DHS's general overview of the AFI system as a

tool to "enhance[] DHS's ability to identify, apprehend, and prosecute individuals who pose a

potential law enforcement or security risk; and [] aid[] in the enforcement of custom and

immigration laws, and other laws enforced by DHS at the border."  Burroughs Decl. ¶¶ 6, 35

(quoting 77 Fed. Reg. at 33753).  The declarant's statements that the withheld materials pertain

to the "use," "navigation," and "capabilities" of the AFI system, and the "defendant's processing

of internal travelers," are minimally descriptive, and thus do not provide the Court with sufficient

detail regarding the law enforcement techniques or procedures the defendant seeks to protect.

See id. ¶¶ 32–34; see, e.g., Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of

Justice, 746 F.3d 1082, 1102 (D.C. Cir. 2014) (A "near-verbatim recitation of the statutory

standard is inadequate.  We are not told what procedures are at stake."); Sciacca v. Fed. Bureau

of Investigation, 23 F. Supp. 3d 17, 31 (D.D.C. 2014) ("In short, the [agency's] [d]eclaration

seems to put the cart before the horse insofar as it elaborately identifies [the d]efendants'

asserted exemptions, but neglects to provide an overall picture of the universe of documents at

issue as is necessary for the Court to be able to put those exemption justifications in the proper

context."); Strunk v. U.S. Dep't of State, 845 F. Supp. 2d 38, 47 (D.D.C. 2012) (the defendant's

"submissions offer[ed] too little detail to allow this Court to undertake a meaningful assessment

of the redacted material."); Am. Immig. Council, 950 F. Supp. 2d at 246 ("vaguely formulated

descriptions will not suffice; . . . the government must provide sufficient facts and context to

allow the reviewing court to 'deduce something of the nature of the techniques in question.'"

(quoting Clemente, 741 F. Supp. 2d at 88)).

Although this Circuit "ha[s] never required repetitive, detailed explanations for each piece of withheld information," Judicial Watch, Inc. v. Food & Drug Admin., 449 F.3d 141, 147 (D.C. Cir. 2006), the FOIA nevertheless requires an agency to provide "a relatively detailed justification" for the application of FOIA exemptions, Mead Data, 566 F.2d at 251; see, e.g., Skinner v. U.S. Dep't of Justice, 893 F. Supp. 2d 109, 110, 112–13 (D.D.C. 2012) (agency provided adequately detailed description of the withheld screen print of computer system and access codes, the nature of limited access to the computer system, and the risk that disclosure would pose to the security of the database). From the limited information provided in the Burroughs Declaration, the Court is unable to glean any support for its claim that Exemption 7(E) applies to the withheld information. The defendant has therefore failed to establish that it has complied with the FOIA's requirements, and consequently, its motion for summary judgment must be denied.

The Court notes, without deciding, that the Burroughs Declaration may establish the risk of circumvention of law, assuming that the withheld information about the AFI system would indeed disclose law enforcement techniques or procedures for investigations or prosecutions. See 5 U.S.C. § 552(b)(7)(E) (excluding from disclosure "techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law") (emphasis added)). As this Circuit has stated, Exemption 7(E)

> looks not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk.

Mayer Brown LLP v. Internal Revenue Serv., 562 F.3d 1190, 1193 (D.C. Cir. 2009).  Thus,

"Exemption 7(E) sets a relatively low bar for the agency to justify withholding."  Blackwell v.

Fed. Bureau of Investigation, 646 F.3d 37, 42 (D.C. Cir. 2011).  Here, the Burroughs Declaration

states that the withheld information "may enable an individual knowledgeable in computer

systems to improperly access the [AFI] system, facilitate navigation or movement through the

system, allow manipulation or deletion of data[,] and interfere with proceedings," "would

provide a detailed roadmap to individuals looking to manipulate [the AFI system] or to evade

detection by law enforcement," and "would reveal [the] targeting and inspection techniques used

in the processing of international travelers," which "would enable potential violators to design

strategies to circumvent the law enforcement procedures developed by [the defendant]."

Burroughs Decl. ¶¶ 33–34.  If the defendant can establish, by a sufficiently detailed Vaughn

index, declaration, or affidavit, that the withheld materials are indeed techniques, procedures, or

guidelines for law enforcement investigations or prosecutions, see 5 U.S.C. § 552(b)(7)(E), the

defendant may yet prevail on a renewed motion for summary judgment.  See, e.g., Strunk v. U.S

Dep't of State, 905 F. Supp. 2d 142, 144, 148–49 (D.D.C. 2012) (granting the agency's renewed

motion for summary judgment after the court previously found that the agency's prior

declaration failed to adequately establish the applicability of Exemption 7(E) to the records

withheld).[4]

## CONCLUSION

The defendant having failed to establish, by way of the Burroughs Declaration, that it

properly withheld documents under Exemption 7(E) of the FOIA, the Court concludes that the

---

[4] Because the Court concludes that the defendant has failed to establish the applicability of Exemption 7(E) to the
material it withheld from disclosure, the Court does not reach the issue of the segregability of the withheld
information at this time.

defendant's Motion for Summary Judgment must be denied without prejudice, and the plaintiff's

Cross-Motion for Summary Judgment must be granted in part and denied in part.

**SO ORDERED** this 17th day of February, 2016. [5]

REGGIE B. WALTON
United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.