UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) | Civil Action No: 14-1217 (RBW) |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) |  |
| Defendant. | ) ) |  |

**DEFENDANT'S CONSOLIDATED REPLY AND OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant U.S. Customs and Border Protection (CBP), a component of the United States Department of Homeland Security, by and through undersigned counsel, respectfully replies to the Court's Memorandum Opinion (ECF No. 28) and Plaintiff's Reply in Support of the Cross-Motion for Summary Judgment (Pl.'s Mem.) (ECF No. 24) in this action brought under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. § 552. The sole remaining issue in this case is whether CBP improperly withheld documents from Plaintiff pursuant to Exemption 7(E) of the FOIA since Plaintiff has expressly conceded all other issues except for the CBP's invocation of Exemption 7(E). Pl.'s Mem. At 6.

Defendant provided a Supplemental Declaration of Sabrina Burroughs, Director of the Freedom of Information Act (FOIA) Division, Privacy and Diversity Office, and a *Vaughn* Index which provide document and page references to describe redacted text individually. Defendant has now established in its moving papers and in this motion for summary judgment that it has properly asserted FOIA exemptions to withhold material contained in documents responsive to

Plaintiff's FOIA request, and that it has disclosed all responsive, nonexempt records to Plaintiff. Summary judgment in favor of Defendant is therefore appropriate because there is no genuine issue as to any material fact, and Defendant is entitled to judgment as a matter of law.

## STATEMENT OF FACTS

Defendant hereby incorporates the Statement of Material Facts Not in Genuine Dispute (SOF), and the declarations and exhibits referenced therein from Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment (ECF 18). In addition, Defendant has provided Plaintiff with a Supplemental Burroughs Declaration and *Vaughn* Index for FOIA Exemption (b)(7)(E), 5 U.S.C. § 552 (b)(7)(E).

## ARGUMENT

**I.    PLAINTIFF HAS CONCEDED THAT CBP PROPERLY WITHHELD INFORMATION UNDER FOIA EXEMPTIONS 3, 4, 5, 6 & 7(C).**

Defendant's summary judgment motion demonstrated that CBP conducted a reasonable search of the components likely to have records responsive to Plaintiff's FOIA request for information regarding CBP's Analytical Framework for Intelligence (AFI) and that CBP properly withheld some of the records, in whole or part, under FOIA Exemptions 3, 4, 5, 6, 7(C), and 7(E). 5 U.S.C. §§ 552(b)(3)-(6), (b)(7)(C), (b)(7)(E).

Where a party files an opposition to a motion and addresses only certain arguments raised by the movant, this Court routinely treats the unaddressed arguments as conceded pursuant to Local Rule 7(b). *See Hayes v. Sebelius*, 762 F. Supp. 2d 90, 100 (D.D.C. 2011). In its opposition and cross-motion for summary judgment, Plaintiff challenges only CBP's assertion of FOIA Exemption 7(E) to withhold information contained in 314 pages of documents including "screen shots of the AFI system and specific information regarding how to navigate and use AFI as well as to descriptions of law enforcement techniques and procedures regarding the use of the AFI

system, AFI's capabilities, and CBP's processing of international travelers." Pl.'s Mem. 6 (quoting Declaration of Sabrina Burroughs at ¶ 32). Plaintiff does not challenge (and therefore concedes) the adequacy and reasonableness of Defendant's search for records responsive to Plaintiff's FOIA request. Plaintiff expressly concedes Defendant's assertion of FOIA Exemptions 3, 4, 5, 6, and 7(C) to withhold responsive records in full or in part. *See* Pl.'s Mem. 6.

As explained in greater detail below, CBP has sufficiently justified its withholding of exempt information pursuant to Exemptions 7(E), the sole contested exemption asserted by CBP.[1]

## II.  DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE ALL NON-EXEMPT RESPONSIVE MATERIAL HAS BEEN RELEASED.

### A.  Sufficiency of the Agency's Supplemental *Vaughn* Declarations.

Summary judgment in FOIA cases, as stated, may be awarded "based solely on the information provided in [agency] affidavits or declarations when the affidavits or declaration describe 'the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Fischer*, 596 F.Supp.2d at 42 (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). Typically, the agency's declarations or affidavits are referred to as a *Vaughn* index, after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). The purpose of a *Vaughn* index is "to permit adequate adversary testing of the agency's claimed right to an exemption." *NTEU v. Customs*, 802 F.2d 525, 527 (D.C. Cir. 1986) (citing *Mead Data

---

[1]  Defendant notes that it has asserted Exemptions 6 and 7(C) in conjunction with Exemption 7(E) on a number of occasions and, to the extent that material has also been withheld under the former exemptions, the withholdings are conceded.

*Central v. United States Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977), and *Vaughn*, 484 F.2d at 828). Thus, the index must contain "an adequate description of the records" and "a plain statement of the exemptions relied upon to withhold each record." *NTEU*, 802 F.2d at 527 n.9. An agency may therefore prove the adequacy of its search through a reasonably detailed declaration. *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).

In accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), Ms. Burroughs has prepared a supplemental declaration and a *Vaughn* Index in support of defendant's motion for summary judgment. The Burroughs Declaration provides the Court and plaintiff with an explanation of the procedures used to search for, review, and process the records responsive to plaintiff's FOIA/Privacy Act requests, and of CBP's justification for withholding records in full or in part pursuant to FOIA Exemption 7(E), 5 U.S.C. §552 (b)(7)(E). *Id.*

The Burroughs supplemental declaration and *Vaughn* Index also demonstrate that the CBP carefully reviewed responsive records, and properly withheld information subject to FOIA Exemption 7(E). The Supplemental Burroughs Declaration and *Vaughn* Index demonstrate that all material withheld by CBP is exempt from disclosure pursuant to the cited FOIA exemption, or is so intertwined with protected material that segregation is not possible without revealing the underlying protected material. *Id.* Thus, the *Vaughn* Index and supplemental declaration are "adequate to inform Plaintiff of the nature of the information withheld and to permit the Court to determine the applicability of the exemption claimed." *See Fischer*, 596 F.Supp.2d at 43-44. Specifically, Judge Huvelle ruled that:

> The D.C. Circuit has approved the use of such coded indices. *See Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 349-50 (D.C. Cir. 1987). The Hardy declarations also discuss in detail the types of information that were redacted pursuant to each exemption. . . . Accordingly, defendant's index is sufficient.

Id. at 44. "Any more specificity would result in disclosure of the very information withheld." *Id*. The Court should therefore find that the Burroughs Declaration, Supplemental Burroughs Declaration and *Vaughn* Index are sufficient under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

The Burroughs Declaration, Supplemental Burroughs Declaration and *Vaughn* Index therefore establish that CBP has made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested, and therefore has conducted a search of all locations that are likely to yield documents responsive to Plaintiff's FOIA requests. All responsive documents located have been released, or to the extent information has been withheld under FOIA exemptions 3, 4, 5, 6, 7(C) [2], and (b)(7)(E) are described in the Burroughs Declaration, Supplemental Burroughs declaration, and *Vaughn* Index. CPB searched all systems which were likely to contain responsive information and released responsive documents to the extent that information was not withheld under FOIA exemptions 3, 4, 5, 6, 7(C), and (b)(7)(E)  Thus, CBP's search for records was adequate. *See Nation Magazine*, 71 F.3d at 892 n.7; *Miller*, 779 F.2d at 1383 ("the search need only be reasonable; it does not have to be exhaustive.") (citing *Nat'l Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973)).

### B. Defendant Properly Applied FOIA Exemption 7(E) to Withhold Information Protected From Disclosure.

In its supplemental moving papers, Defendant demonstrated that CBP properly withheld documents under Exemption 7(E). *See* Burroughs Supplemental Decl. ¶¶ 6-18. The Government can rely on Exemption 7(E) because CBP has now demonstrated, by a sufficiently

---

[2]   Defendant notes that Plaintiff express concedes Defendant's assertion of FOIA Exemptions 3, 4, 5, 6, and 7(C) to withhold responsive records in full or in part. *See* Pl.'s Mem. 6.

detailed *Vaughn* Index and supplemental declaration, that the withheld materials contain information regarding techniques, procedures, or guidelines for law enforcement investigations or prosecutions, as required under Exemption 7(E), 5 U.S.C. § 552(b)(7)(E).  5 U.S.C. § 552(b)(7) exempts from disclosure certain records or information that are "compiled for law enforcement purposes." Plaintiff does not contest that the records at issue in this case were compiled for law enforcement purposes in that the information is created and used by CBP in its law enforcement mission to secure the border of the United States.  *See* Pl.'s Mem. at 10; *See also* Burroughs Decl. at ¶ 30.

Section 552(b)(7)(E) exempts from disclosure law enforcement records or information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).  The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions. *Ortiz v. United States Department of Justice*, 67 F. Supp. 3d 109, 122 (D.D.C. 2014); *Smith v. Bureau of Alcohol, Tobacco and Firearms*, 977 F. Supp. 496, 501 (D.D.C. 1997) (citing *Fisher v. United States Dep't of Justice*, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991) (upholding the FBI's decision to withhold information about law enforcement techniques where disclosure would impair effectiveness and, within context of documents, "could alert subjects in drug investigations about techniques used to aid the FBI"), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992)). "Information that relates to law enforcement techniques, policies, and procedures is properly withheld under this exemption." *Showing Animals Respect & Kindness v. U.S. Dep't of the Interior,* 730 F. Supp. 2d 180, 199 (D.D.C. 2010) (citing *Boyd v. Bureau of Alcohol, Tobacco, Firearms, and Explosives,*

6

570 F. Supp. 2d 156, 158 (D.D.C. 2008)).

In this case, CBP has applied FOIA Exemption (7)(E) to sensitive screen shots of the AFI system and specific information regarding how to navigate and use AFI as well as to descriptions of law enforcement techniques and procedures regarding the use of the AFI system, AFI's capabilities, and CBP's processing of international travelers. Burroughs Supplemental Decl. ¶ 10-11. Ms. Burroughs explained in her supplemental declaration that CBP applied Exemption (7)(E) to withhold this information because public disclosure may enable an individual knowledgeable in computer systems to improperly access the system, facilitate navigation or movement through the system, allow manipulation or deletion of data and interfere with enforcement proceedings. *Id.* at ¶ 11. Ms. Burroughs further stated that disclosure of the withheld information would provide a detailed roadmap to individuals looking to manipulate AFI; obtain information regarding techniques used by law enforcement to identify violators and other persons of concern to law enforcement; or to evade detection by law enforcement, thereby circumventing the law and potentially resulting in alteration, loss, damage or destruction of data contained in CBP's computer system. *Id.*

Specifically, Ms. Burroughs explained that CBP applied exemption (b)(7)(E) to training PowerPoints ("Modules"), AFI and Palantir Reference Cards, and documents relating to practical exercises. *Id.* at ¶ 12; *Vaughn Index* 1-6. It has also been applied to documents detailing how to request access to AFI, how to approve access to AFI, documents relating to the operational status and security features of AFI, and a detailed document on the user roles and security access definitions. The Exemption was also applied to several statements of work and orders for supplies and services which identify the types of data used by law enforcement officers in their efforts to identify violators and other persons of concern to law enforcement. *Id.* Ms. Burroughs

7

further explained that the PowerPoint modules provide detailed, step-by-step instructions on everything from accessing AFI to how to conduct searches in AFI, including available data sources. *See* Burroughs Supplemental Decl. ¶ 13; *Vaughn* Index 2. These training modules are used to train law enforcement personnel, and, as such, the records set forth significant details regarding CBP law enforcement techniques, discussing various operational and technical aspects of the AFI system, and CBP law enforcement procedures, methods, guidance, and policies. *Id.* For example, Module 1 provides an overview of AFI, including detailed tutorials, screen shots, and instructor notes designed to teach the student how to access the AFI system, how to navigate AFI and its different components and available data sources, and how to input, change, edit, and delete information in the AFI system. *Id.* Further information specific to Modules 2 through 6 is provided in the attached *Vaughn* Index. *See Vaughn* Index 1-6.

   Disclosure of the information contained in the training modules, the reference cards, and the documents relating to the practical exercises could enable unauthorized users to gain unauthorized access to the system and alter, add, or delete information altogether, thus destroying the integrity of the system. *See* Burroughs Supplemental Decl. ¶ 14. Disclosure of this information could reasonably allow a person to recognize search terms specifically applied by law enforcement to query CBP databases. *Id.* Criminals could use this information to circumvent the law by developing countermeasures aimed at defeating the effectiveness of these search techniques. *Id.* Further, disclosure of this information would reveal CBP targeting and inspection techniques used in the processing of international travelers to identify persons seeking to violate U.S. law or otherwise of concern to law enforcement. *Id.* Release of this information

would enable potential violators to design strategies to circumvent the law enforcement techniques and measures developed by CBP. *Id.*

Similarly, the Quick Reference Cards, the documents related to requesting, approving, and setting up AFI access, the AFI data source documents, and other documents related to the training of AFI also contain information that speak to the intricacies of the AFI system, including instructor notes regarding how to access the system, practical exercises to test the user's familiarity and proficiency with navigation and effective use of the system, and other explanations of the key elements and functionalities of the system. *See* Burroughs Supplemental Decl. ¶ 15; *Vaughn* Index 5. Public release of such law enforcement sensitive information would enable an individual knowledgeable in computer systems to improperly access the system, facilitate navigation or movement through the system, and allow for manipulation or deletion of data which would interfere with enforcement proceedings, or permit access to information relevant to law enforcement techniques which could be used to permit circumvention of the law. *Id.*

Exemption (b)(7)(E) has also been applied to statements of work and several orders for supplies and services. *See* Burroughs Supplemental Decl. ¶ 16. The statements of work identify data base specific information identifying LexisNexis Products employed for law enforcement purposes, the release of which would disclose methods by which data is searched, organized and reported. *Id.* It also includes descriptions of security services, critical infrastructure, and encryption standards, the release of which could reasonably allow a person to recognize technologies and infrastructure critical to safeguarding law enforcement information. *Id.* Criminals could then circumvent the law by targeting these specific technologies and infrastructure that protect the information. Criminals could use the descriptions of the security

services, critical infrastructure, and the encryption standards to bypass the security of the database and improperly access the system. *Id*.

The orders for supplies and services contain database-specific information identifying LexisNexis Products, the release of which would disclose methods by which data is searched, organized and reported. *See* Burroughs Supplemental Decl. ¶ 17. This information is law enforcement sensitive information because, when read as a whole with the rest of the supply order, it could reasonably allow a person to recognize search terms specifically applied by law enforcement to query LexisNexis databases. *Id*. Criminals could then circumvent the law by developing countermeasures aimed at defeating the effectiveness of these search techniques. *Id*.

Indeed, CBP has withheld precisely the type of law enforcement information routinely found by courts to be protected from disclosure under Exemption 7(E). *See, e.g., Pub. Emps. for Envtl. Responsibility v. U.S. Section Int'l Boundary & Water Comm'n,* 839 F. Supp. 2d 304, 327 (D.D.C. 2012) (USIBWC properly asserted Exemption 7(E) to justify withholding various guidelines for law enforcement contained in the Emergency Action Plans for two dams and power plants including "descriptions of surveillance plans, logistics and conclusions meant for use by the USIBWC and emergency management personnel as guidelines and procedures in the event of an emergency such as a terrorist attack"), *aff'd in part and reversed in part and remanded on other grounds*, 740 F.3d 195 (D.C. Cir. 2014) (Exemptions 7(E) and 7(F) affirmed); *Strunk v. U.S. Dep't of State et al.,* 905 F. Supp. 2d 142, 147–49 (D.D.C. 2012) (CBP properly withheld information about the Treasury Enforcement Communication System and operating programs under Exemption 7(E)); *Soghoian v. U.S. Dep't of Justice,* 885 F.Supp.2d 62, 75 (D.D.C. July 31, 2012) ("Knowing what information is collected, how it is collected, and more importantly, when it is *not* collected, is information that law enforcement might reasonably

expect to lead would-be offenders to evade detection"); *Blackwell v. FBI*, 680 F. Supp. 2d 79, 92 (D.D.C. 2010) ("The manner in which ChoicePoint data is searched, organized, and reported to the FBI is an internal technique, not known to the public . . . Because the information relates solely to the FBI's internal practices, disclosure would not serve a public purpose, and disclosure potentially would aid others in circumventing future FBI investigations, the information is exempt from disclosure under Exemptions (b)(2) and 7(E)"); *Showing Animals Respect & Kindness,* 730 F. Supp. 2d at 199–200 (stating the Fish and Wildlife Service properly withheld its surveillance techniques that could compromise its ability to conduct future investigations at wildlife refuges).

Consequently, Plaintiff's argument that CBP has failed to demonstrate that disclosure could reasonably be expected to risk circumvention of the law lacks merit. CBP has explained that disclosure of the information at issue "would provide a detailed roadmap to individuals looking to manipulate AFI or to evade detection by law enforcement" and "enable potential violators to design strategies to circumvent the law enforcement procedures developed by CBP." Burroughs Supplemental Decl. at ¶ 13. The withholdings therefore fall squarely within the scope of Exemption 7(E) because release of the information about the AFI system withheld in this case by CBP would enable potential violators to design strategies to circumvent the law enforcement procedures developed by CBP. *Id.* at ¶ 17. Protecting and maintaining the integrity of CBP computer systems is imperative in assisting CBP to meet its mission to prevent terrorists, their weapons, and other dangerous items from entering the United States. *Id.* As previously noted, AFI "enhances DHS's ability to identify, apprehend, and prosecute individuals who pose a potential law enforcement or security risk; and it aids in the enforcement of customs and immigration laws, and other laws enforced by DHS at the border." *See* 77 Fed. Reg. 33753,

33753 (June 7, 2012). As an important law enforcement tool, there is a great need to defend AFI against any threatened or real risk of threat or compromise to ensure CBP is able to effectively carry out its mission. *Id.* CBP has therefore properly withheld material relating to the AFI system under Exemption 7(E).

### B. Defendant Described and Justified All Withholdings of Responsive Records.

Plaintiff claims that the CBP's *Vaughn* declaration was inadequate because it did not provide particularized justifications for withholdings Exemption 7(E), the sole contested exemption. *See* Pl.'s Mem. 13-15. However, the Supplemental Burroughs Declaration and *Vaughn* Index under Exemption 7(E) specifically explain why disclosure of certain information concerning the AFI system could undermine the effectiveness or utility of the related law enforcement techniques or procedures and/or risk circumvention of the law. The *Vaughn* Index contains page numbers, references to Exhibits, and a description of the underlying law enforcement techniques and procedures that Defendant seeks to protect. Thus, consistent with its obligations under FOIA, CBP's supporting Burroughs Declaration, Supplemental Burroughs Declaration, and *Vaughn* Index "reveal[ed] as much detail as possible as to the nature of the document, without actually disclosing information that deserves protection." *See Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996).

### C. Defendant Released All Reasonably Segregable Material.

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). This provision does not require disclosure of records in which the non-exempt information that remains is meaningless. *See Nat'l Sec. Archive Fund, Inc. v. CIA*, 402 F. Supp. 2d 211, 220-21 (D.D.C. 2005). "The question of segregability is by necessity

subjective and context-specific, turning upon the nature of the document in question and the information contained therein. *Schoenman v. FBI*, 763 F. Supp. 2d. 173, 202 (D.D.C. 2011).  An agency need not, for instance, 'commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content.'" *Id.* (quoting *Mead Data v. Dep't of the Air Force*, 566 F.2d 242, 261 n. 55 (D.C.Cir. 1977)).  Ultimately, to meet its burden, the agency must provide a reasonably detailed justification to support its claim that the non-exempt material in a document is not reasonably segregable.  *Mead Data*, 566 F.2d at 261.  However, the justification need not be so detailed so as to compromise the nature of the withheld information. *Id.*

Defendant has demonstrated that it released reasonably segregable material to Plaintiff. CBP has submitted a declaration explaining that "[a]ll information withheld is exempt from disclosure pursuant to a FOIA exemption or is not reasonably segregable because it is so intertwined with protected material that segregation is not possible or its release would have revealed the underlying protected material."  Burroughs Decl. at ¶ 36. A court "may rely on government affidavits that show with reasonable specificity why documents withheld pursuant to a valid exemption cannot be further segregated." *Juarez v. Dep't of Justice*, 518 F.3d 54, 61 (D.C. Cir. 2008) (citation omitted).

The efforts described by CBP to segregate releasable materials are all that is required. *See, e.g., Loving v. U.S. Dep't of Defense*, 496 F. Supp. 2d 101, 110 (D.D.C. 2007) (holding that "government's declaration and supporting material are sufficient to satisfy its burden to show with 'reasonable specificity' why the document cannot be further segregated," where declaration averred that agency had "released to plaintiff all material that could be reasonably segregated") (quoting *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002)).

Defendant is therefore entitled to summary judgment and the Court should deny Plaintiff's cross-motion for summary judgment.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, and those stated in the Defendant's moving papers, the Court should enter judgment in favor of the Defendant and deny Plaintiff's cross-motion for summary judgment.

                                          Respectfully submitted,

                                          CHANNING PHILLIPS, D.C. Bar # 415793
                                          Acting United States Attorney

                                          DANIEL F. VAN HORN, D.C. Bar #924092
                                          Chief, Civil Division

By:    _____/s/_____
        PATRICIA KING MCBRIDE
        P.A. Bar #54561
        Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        Tel: 202.252.7123
        Fax: 202.252.2599
        Email: patricia.mcbride@usdoj.gov