# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ELECTRONIC PRIVACY                      )
      INFORMATION CENTER              )
                                        )
        Plaintiff,                  )
                                        )
      v.                              )     Case No. 1:14-cv-01217-RBW
                                        )
U.S. CUSTOMS AND BORDER PROTECTION      )
                                        )
                                        )
        Defendant.                  )
_____ )

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR SUMMARY JUDGMENT

MARC ROTENBERG
EPIC President

ALAN JAY BUTLER
EPIC Senior Counsel

/s/ T. John Tran
T. JOHN TRAN
EPIC FOIA Counsel
Electronic Privacy Information Center
1718 Connecticut Ave., NW
Suite 200
Washington, DC 20009

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ........................................................................... 3

ARGUMENT ......................................................................................................... 3

    I.     Standard of Review .................................................................................... 4

    II.    EPIC is entitled to partial summary judgment. .................................................. 5

    A. CBP continues to improperly withhold records under Exemption 7(E). ......................... 5

        1. CBP has not shown that the withheld records are techniques or procedures for law

        enforcement investigations or prosecutions. .................................................... 6

        2. CBP has not established that disclosure would risk circumvention of the law. ............ 8

    B. CBP has failed to release reasonably segregable portions of responsive records. ........... 11

    III.   The Government's motion should be denied. ................................................. 12

CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Abdeljabbar v. Bureau of Alcohol, Tobacco & Firearms*, 74 F. Supp. 3d 158 (D.D.C. 2014) ...... 7

*ACLU v. CIA*, 710 F.3d 422 (D.C. Cir. 2013) ................................................................................ 4

*AquAlliance v. U.S. Bureau of Reclamation*, --- F. Supp. 3d ---, No. 14-cv-1018, 2015 WL
    5998949 (D.D.C. Oct. 14, 2015) ............................................................................................ 4, 5

*Blackwell v. FBI*, 646 F.3d 37 (D.C. Cir. 2011) ..................................................................... 9, 14

*Charles v. Office of the Armed Forces Med. Exam'r*, 979 F. Supp. 2d 35 (D.D.C. 2013)..... 11, 12

*Clemente v. FBI*, 741 F. Supp. 2d 64 (D.D.C. 2010) ................................................................. 8, 11

*Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854 (D.C. Cir. 1980) ........................... 4, 5

*CREW v. DOJ*, --- F. Supp. 3d ---, No. CV 13-1159 (GK), 2016 WL 541127 (D.D.C. Feb. 9,
    2016) ............................................................................................................................................ 7

*Ctr. for Auto Safety v. EPA*, 731 F.2d 16 (D.C. Cir. 1984) ......................................................... 12

*DOJ v. Tax Analysts*, 492 U.S. 136 (1989) ................................................................................ 4, 5

*Don Ray Drive-A-Way Co. of Cal. v. Skinner*, 785 F. Supp. 198 (1992) ...................................... 7

*EPA v. Mink*, 410 U.S. 73 (1973) ................................................................................................. 8

*EPIC v. CBP*, --- F. Supp. 3d ---, No. 14-1217, 2016 WL 632179 (D.D.C. Feb. 17, 2016) ......... 5

*EPIC v. DHS*, 384 F. Supp. 2d 100 (D.D.C. 2005) ........................................................................ 4

*EPIC v. DHS*, 999 F. Supp. 2d 24 (D.D.C. 2013) .......................................................................... 4

*Harrison v. Fed. Bureau of Prisons*, 681 F. Supp. 2d 76 (D.D.C. 2010) ................................... 13

*Henderson v. Office of the Dir. of Nat'l Intelligence*, --- F. Supp. 3d ---, No. CV 15-103 (RBW),
    2016 WL 755608, (D.D.C. Feb. 25, 2016) ............................................................................... 7

*Johnson v. EOUSA*, 310 F.3d 771 (D.C. Cir. 2002) ............................................................... 12, 13

*Judicial Watch, Inc. v. DHS*, 841 F. Supp. 2d 142 (D.D.C. 2012) .............................................. 12

*Mayer Brown LLP v. IRS*, 562 F.3d 1190 (D.C. Cir. 2009) ........................................................ 11

*Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242 (D.C. Cir. 1977) ............................. 12

*Oglesby v. United States Dep't of the Army*, 79 F.3d 1172 (D.C. Cir. 1996) ........................ 11, 12

*Showing Animals Respect and Kindness v. United States Department of the Interior*, 730 F.
    Supp. 2d 180 (D.D.C. 2010) ................................................................................................... 14

*Soghoian v. DOJ*, 885 F. Supp. 2d 62 (D.D.C. 2012) ................................................................. 14

*Stolt-Nielsen Transp. Group Ltd v. United States*, 534 F.3d 728 (D.C. Cir. 2008) ..................... 11

*Strunk v. Dep't of State*, 905 F. Supp. 2d 142 (D.D.C. 2012) .................................................... 14

*Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999) ........... 12

*TRW Inc. v. Andrews*, 534 U.S. 19 (2001) ................................................................................... 7

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) ...................................................................... 13

**Statutes**

5 U.S.C. § 552(a)(3)(A) ............................................................................................................ 3, 13

5 U.S.C. § 552(a)(4)(B) ................................................................................................................. 4

5 U.S.C. § 552(b) ..................................................................................................................... 11, 13

**Rules**

Fed. R. Civ. P. 56(a) ...................................................................................................................... 4

## SUMMARY OF THE ARGUMENT

The sole issue in this case is whether Exemption 7(E) allows the agency to withhold the remaining documents sought by EPIC concerning "risk assessment" scores assigned to United States travelers. Because none of the disputed materials addressed below are "techniques" or "procedures" for "law enforcement investigations and prosecutions," and because the agency has not provided any plausible reason why release of these records "could reasonably be expected to risk circumvention of the law," the answer is clearly no.

This Court ruled earlier that Defendant U.S. Customs and Border Protection's ("CBP") "minimally descriptive" declarations "failed to establish that it has complied with the FOIA's requirements," concluding that "[CBP's] motion for summary judgment must be denied." Mem. Op. 8–9, ECF No. 28. The supplemental declaration and *Vaughn* index submitted by CBP fare no better. The descriptions proffered do not establish that the redacted information falls within the statutory definition.

CBP has merely repeated boilerplate citations from its earlier motion (which the Court has already denied). There is nothing in the supplemental filings or the agency's supplemental motion to support the conclusion that the materials can be withheld under Exemption 7(E). Because the agency has improperly withheld non-exempt records, the Court should grant EPIC's Motion for Partial Summary Judgment.

## ARGUMENT

The FOIA requires government agencies to make records "promptly available to any person" upon receipt of a request "reasonably describ[ing] such records" and "made in accordance with published rules." 5 U.S.C. § 552(a)(3)(A). The FOIA "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions," which are

"'explicitly made exclusive' and must be 'narrowly construed.'" *Shapiro v. DOJ*,--- F. Supp. 3d ---, 2016 WL 287051, at *1 (D.D.C. Jan. 22, 2016) (quoting *Milner*, 562 U.S. at 565).

"[T]he burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *see also EPIC v. DHS*, 384 F. Supp. 2d 100, 106 (D.D.C. 2005). Where the government has not carried this burden, summary judgment in favor of the plaintiff is appropriate. *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980).

## I.     Standard of Review

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact is one that would change the outcome of the litigation." *EPIC v. DHS*, 999 F. Supp. 2d 24, 28 (D.D.C. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "FOIA cases typically and appropriately are decided on motions for summary judgment." *AquAlliance v. U.S. Bureau of Reclamation*, --- F. Supp. 3d ---, No. 14-cv-1018, 2015 WL 5998949 at *3 (D.D.C. Oct. 14, 2015). A district court reviewing a motion for summary judgment in a FOIA case "conducts a *de novo* review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under the FOIA." *Id*.; *see also* 5 U.S.C. § 552(a)(4)(B); *ACLU v. CIA*, 710 F.3d 422, 427 (D.C. Cir. 2013).

The court must "analyze all underlying facts and inferences in the light most favorable to the FOIA requester," and therefore "summary judgment for an agency is only appropriate after the agency proves that it has fully discharged its [FOIA] obligations." *AquAlliance*, 2015 WL 5998949, at *3 (internal quotation marks omitted). In some cases, the agency may carry its burden by submitting affidavits that describe "the justifications for nondisclosure with

reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor evidence of agency bad faith." *Id.*

Where a defendant agency fails "to establish" that it "properly withheld documents under" an exemption, the plaintiff is entitled to summary judgment. *EPIC v. CBP*, --- F. Supp. 3d ---, No. 14-1217, 2016 WL 632179 (D.D.C. Feb. 17, 2016); s*ee, e.g.*, *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980); *Shapiro*, 2016 WL 287051 at *14; *AquAlliance*, 2015 WL 5998949 at *8.

## II.     EPIC is entitled to partial summary judgment.

Following CBP's submission of a supplemental declaration, Supp. Burroughs Decl., ECF No. 32-1, and revised *Vaughn* index, ECF No. 32-2 ("Supp. *Vaughn* Index"), this case now returns to the Court on renewed motions for summary judgment. The record before the Court shows that the agency has once again failed to establish that the disputed records are properly withheld under Exemption 7(E). Further, CBP in its renewed motion merely repeats the same legal arguments that the Court rejected in the first motion. *Compare* Def.'s Mot. for Summ. J. at 6–10, ECF No. 32 ("Def.'s Supp. Mot."), *with* Def.'s Reply at 5–7, ECF No. 22. EPIC has already addressed these arguments, Pl.'s Reply at 2–6, ECF No. 24, and the agency has not provided new facts or authorities that would justify a different result. The Court should accordingly grant partial summary judgment to EPIC.

### A. CBP continues to improperly withhold records under Exemption 7(E).

CBP continues to argue in its renewed motion for summary judgment that it can withhold AFI training materials, statements of work, and other documents under Exemption 7(E). The agency's motion must be denied for two reasons: First, CBP has failed to establish that the

withheld records would reveal "techniques and procedures," or "guidelines" used "for law enforcement investigations or prosecutions." Second, the agency has not shown that disclosure of the disputed records could plausibly create a "risk circumvention of the law."

### 1. CBP has not shown that the withheld records are techniques or procedures for law enforcement investigations or prosecutions.

The agency's withholding is improper because the contested records are not for "law enforcement investigations or prosecutions." § 552(b)(7)(E). Investigations or prosecutions under 7(E) include only "acts by law enforcement *after* or *during* the commission of a crime, not crime-prevention techniques." *EPIC v. DHS*, 999 F. Supp. 2d at 31 (emphasis added), *rev'd on other grounds*, 777 F.3d 518 (D.C. Cir. 2015). By way of contrast, the phrase "law enforcement purposes" in Exemption 7's threshold requirement is much broader and covers activities after or during a criminal event, as well as forward-looking protective measures. *See Pub. Emps. for Envtl. Responsibility v. U.S. Section Int'l Boundary & Water Comm'n*, 740 F.3d 195, 203 (D.C. Cir. 2014) ("*PEER*"). This reading comports with the definition of the term "investigate," which is "to examine and inquire into with care and accuracy" and involves "the taking of evidence." Black's Law Dictionary 740 (5th ed. 1979) (definition contemporaneous with amendments to Exemption 7).

Courts in this Circuit have consistently applied Exemption 7(E) to a narrow category of records concerning the traditional law enforcement investigatory activities, including background checks, *Henderson v. Office of the Dir. of Nat'l Intelligence*, --- F. Supp. 3d ---, No. CV 15-103 (RBW), 2016 WL 755608, at *1 (D.D.C. Feb. 25, 2016); the operational capabilities of unmanned drones, *CREW v. DOJ*, --- F. Supp. 3d ---, No. CV 13-1159 (GK), 2016 WL 541127, at *12 (D.D.C. Feb. 9, 2016); the location and identities of FBI investigative units, *Touarsi v. DOJ*, 78 F. Supp. 3d 332, 348 (D.D.C. 2015); and operational plans used to arrest members of an

arson-for-profit scheme, *Abdeljabbar v. Bureau of Alcohol, Tobacco & Firearms*, 74 F. Supp. 3d

158, 182 (D.D.C. 2014). In contrast, courts have not permitted agencies to withhold screening

algorithms used to rate the safety of motor carriers. *Don Ray Drive-A-Way Co. of Cal. v. Skinner*,

785 F. Supp. 198, 200 (D.D.C. 1992).

The AFI system is not used for law enforcement activities taking place "after or during"

the commission of a crime, but rather for security screening. In *EPIC v. DHS*, the district court

ruled that Exemption 7(E) was inapplicable to a cellphone shutdown procedure because the

procedure concerned purely "protective measures." 999 F. Supp. 2d 24, 31 (D.D.C. 2013). Just

like the cellphone shutdown procedure, AFI serves a purely "protective" function. AFI's

purported purpose is to aid in the "processing of international travelers" by identifying

individuals "seeking to violate U.S. law or otherwise of concern to law enforcement." Supp.

Burroughs Decl. ¶ 13. Such activities fall squarely under the category of protective security

screening and administration of border checkpoints, which are well beyond the scope of

Exemption 7(E). CBP's expansive reading of the term "investigations or prosecutions" would

render the narrower Exemption 7(E) requirement superfluous to the broader Exemption 7

threshold requirement. *See, e.g.*, *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (noting canon that

statutes should be read to avoid making any provision "superfluous, void, or insignificant")

(internal quotation marks omitted). Its reading would transform the FOIA from a "disclosure

statute" into a "withholding statute," and should thus be rejected. *EPA v. Mink*, 410 U.S. 73, 79

(1973); *see EPIC v. DHS*, 999 F. Supp. 2d at 30 ("The Court must begin by 'presum[ing] that a

legislature says in a statute what it means and means in a statute what it says there.'") (quoting

*Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)).

The agency's withholding is also improper because the information being withheld in this

case is so far removed from the investigatory process that it would grossly distort the purpose of the statutory provision to apply Exemption 7(E). The techniques or procedures withheld under Exemption 7(E) must themselves be "*for . . .* investigations or prosecutions." § 552(b)(7)(E) (emphasis added). But CBP seeks to withhold information used to train officers on a system used to decide whether to subject travelers to enhanced screening. In other words, CBP proposes to withhold records that are only tangentially related to the AFI system, which is not even used to investigate or prosecute criminals. "Exemption 7(E) is not concerned with mere 'logistical details.'" *Clemente v. FBI*, 741 F. Supp. 2d 64, 88 (D.D.C. 2010). The agency has not provided any authority to support the conclusion that screen shots of the AFI system, training slides, statements of work, and database descriptions, *see* Supp. Burroughs Decl. ¶¶ 10–16, would reveal techniques and procedures "*for* law enforcement investigations or prosecutions" under 5 U.S.C. § 552(a)(7)(E) (emphasis added). The screen shots, which purportedly explain how to navigate AFI, Supp. Burroughs Decl. ¶¶ 10–16, may contain information that assists CBP agents in their daily screening tasks, but so would, for example, training slides on the use of Microsoft Word or instructions on how to use a coffee machine. *See, e.g.*, Supp. *Vaughn* Index at 1 (describing tutorials, screen shots, and instructor notes on techniques "*related* to AFI.") (emphasis added).

Because the records concerning AFI do not contain "techniques and procedures" or "guidelines" for "law enforcement investigations or prosecutions," CBPs withholding of those records is improper.

### 2. CBP has not established that disclosure would risk circumvention of the law.

Exemption 7(E) permits an agency to withhold documents only if "disclosure could *reasonably* be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E) (emphasis

added). Contrary to the agency's assertion that the Act's protection of techniques and procedures is "categorical," Def.'s Supp. Mot. at 6, the D.C. Circuit applies the "risk circumvention of the law" requirement to both "guidelines" and "techniques and procedures." *Sack v. Dep't of Defense*, --- F.3d ---, No. 14-5029, 2016 WL 2941942 at *13 (D.C. Cir. May 20, 2016); *PEER*, 740 F.3d at 205 n. 4. To satisfy this requirement, an agency must "*demonstrate logically* how the release of the requested information might create a risk of circumvention of the law." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (emphasis added) (citing *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)).

CBP has again failed to "demonstrate logically" how disclosure of the redacted records would risk of circumvention of the law, and relies instead on numerous dubious claims and implausible assumptions. Contrary to the agency's assertion, release of the redacted AFI screen shots would not provide "a detailed roadmap" for bad actors (unless those bad actors are training for a job at CBP). Supp. Burroughs Decl. ¶ 10. The agency further asserts that disclosure of screen shots of AFI may enable an individual "knowledgeable in computer systems" to "access the system, facilitate navigation or movement through the system, allow manipulation or deletion of data and interfere with enforcement proceedings." *Id* ¶ 11; Supp. *Vaughn* Index at 2 (asserting that disclosure of information on how to navigate AFI would "enable unauthorized users to gain access to the system"). But the agency offers absolutely no support for this incredible and logically deficient claim. The agency does not (and surely cannot) explain how mere knowledge of AFI's graphical interface would permit an individual to unlawfully access AFI. Indeed, there are numerous examples of government websites and portals that are easily viewable by the public. *E.g.*, U.S. Dep't of Agric., Nat'l Finance Ctr., *My Employee Page Log In*, https://www.nfc.usda.gov/EPPS/eplogin.aspx (last visited June 2, 2016); Dep't of Homeland

9

Sec., *Employee Shortcuts*, https://www.dhs.gov/employee-shortcuts (last visited June 2, 2016). But simply knowing how those websites and portals are presented on a computer screen does not bestow upon an individual, even one "knowledgeable in computer systems," the ability to unlawfully access the system.

The agency also fails to demonstrate logically how disclosure of LexisNexis products, including descriptions of encryption standards, would reasonably risk circumvention of harm. Supp. Burroughs Decl. ¶ 15–16. In justifying its withholding of these records, the agency merely repeats the legal standard set forth in a different case without any further explanation. *Compare id.* ("[T]he release of [LexisNexis products] would disclose methods by which data is searched, organized and reported.") *with Blackwell v. FBI*, 681 F. Supp. 2d 79, 92 (D.D.C. 2010) (applying 7(E) to information describing the manner in which database information is "searched, organized and reported to the FBI."). Ms. Burroughs does not explain why or how the work orders would describe search terms, methods of organizing data, or how data is reported to CBP or other agencies. Where the agency affidavit cannot provide "a sufficiently specific link" between the material that the agency seeks to withhold and "when, how, and to what extent" the agency relies on that information "in its investigations," but merely "recite[s] the language of the exemption," the Court must find that the agency has failed to meet its burden. *Island Film, S.A. v. Dep't of the Treasury*, 869 F. Supp. 2d 123, 138 (D.D.C. 2012).

CBP even makes the incredible claim that revealing a short description of an encryption standard would somehow create a risk of circumvention of the law. Supp. Burroughs Decl. ¶ 15. But encryption standards used by government agencies are already widely known and publicly studied, *see, e.g.*, Elaine Barker, Nat'l Inst. For Stds. & Tech., U.S. Dep't of Commerce, *Guideline for Using Cryptographic Standards in the Federal Government: Cryptographic*

10

*Mechanisms*, Special Pub. No. 800-175B (Mar. 2016), and the knowledge that certain encryption standards are used in AFI could not plausibly create a risk circumvention of the law.

To satisfy its evidentiary burden, CBP cannot "rely upon the vaguely worded categorical description it has provided. It must provide evidence from which the Court can deduce something of the nature of the techniques in question." *Clemente v. FBI*, 741 F. Supp. 2d at 88. CBP has simply not met its burden to describe how AFI screenshots and information regarding how to navigate AFI will increase the risk "that a law will be violated or that past violators will escape legal consequences." *Mayer Brown LLP v. IRS,* 562 F.3d 1190, 1193 (D.C. Cir. 2009).

Accordingly, this Court should grant EPIC partial summary judgment.

**B. CBP has failed to release reasonably segregable portions of responsive records.**

The FOIA "makes clear that the fact that a responsive document fits within an applicable exemption does not automatically entitle the keeper of such material to withhold the *entire* record." *Charles v. Office of the Armed Forces Med. Exam'r*, 979 F. Supp. 2d 35, 42 (D.D.C. 2013). Thus even when an agency has properly invoked a FOIA exemption, it must disclose any "reasonably segregable portion" of the record requested. § 552(b); *see Stolt-Nielsen Transp. Group Ltd. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008) (quoting *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007)); *Oglesby v. United States Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("If a document contains exempt information, the agency must still release any reasonably segregable portion after deletion of the nondisclosable portions.") (internal quotation marks omitted). "The 'segregability' requirement applies to all documents and all exemptions in the FOIA." *Ctr. for Auto Safety v. EPA*, 731 F.2d 16, 21 (D.C. Cir. 1984).

The burden is on the agency to "provide a detailed justification for its non-segregability."

*Johnson v. EOUSA*, 310 F.3d 771, 776 (D.C. Cir. 2002) (internal quotation marks omitted). This includes "a statement of [the government's] reasons," and a "descri[ption of] what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document." *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977). Simply claiming that a segregability review has been conducted is insufficient. *Oglesby*, 79 F.3d at 1180. In addition, if an agency seeks to "withhold a responsive document in its entirety on the basis of a FOIA exemption, the agency bears the burden of demonstrating that the nonexempt portions of the document are so inextricable from the exempt portions that document is not reasonable segregable." *Charles*, 979 F. Supp. 2d at 42. Courts have an "affirmative duty to consider the segregability issue *sua sponte*." *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In this case, CBP has failed to meet its burden to "provide a detailed justification for its non-segregability." *Johnson*, 310 F.3d at 776. The Burroughs Declaration does not provide a description of the proportions of non-exempt information, nor does the declaration explain how the material is dispersed throughout the withheld documents. *See* Burroughs Decl. ¶ 36. Courts in this Circuit have previously rejected unsubstantiated claims of segregability and should do so in this case. *See Judicial Watch, Inc. v. DHS*, 841 F. Supp. 2d 142, 161 (D.D.C. 2012) (finding "empty invocation of the segregability standard" is not permitted under the FOIA). The CBP declaration is simply insufficient to justify the Exemption 7(E) redactions.

## III.   The Government's motion should be denied.

The FOIA requires that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). An agency may withhold

information if it fits within nine narrowly construed exemptions. 5 U.S.C. § 552(b). But the

FOIA also requires that the agency release any "reasonably segregable portion" of the records

requested. *Id*. The agency in a FOIA case bears the burden of establishing that at least one

exemption applies for each record withheld. *See Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir.

1973). The agency also bears the burden of proving that it has complied with the segregability

requirement. *Johnson*, 310 F.3d at 776.

An agency seeking to justify its withholding of responsive records under the FOIA must

satisfy five overarching requirements in addition to the particular standards of each FOIA

exemption claimed.

> The government must "(1) [I]dentify the document, by type and location in the
> body of documents requested; (2) note that [a particular exemption] is claimed;
> (3) describe the document withheld or any redacted portion thereof, disclosing as
> much information as possible without thwarting the exemption's purpose; (4)
> explain how this material falls within one or more of the categories . . .; and [if the
> exemption requires a showing of harm] (5) explain how disclosure of the material
> in question would cause the requisite degree of harm."

*Am. Immigration Council*, 950 F. Supp. 2d at 235 (quoting *King*, 830 F.2d at 224). In order to be

granted summary judgment, the agency must establish that it has satisfied all of the statutory

requirements of the FOIA. *Harrison v. Fed. Bureau of Prisons*, 681 F. Supp. 2d 76, 85 (D.D.C.

2010).

In this case, CBP has withheld 269 pages of responsive records in whole or in part. *See*

Burroughs Decl. ¶ 8, ECF No. 18-1. Of these records, EPIC challenges the agency's withholding

of redacted portions of Exhibits 1–3 under Exemption 7(E). For the reasons discussed above,

CBP has failed to satisfy its burden to establish Exemption 7(E) justifies the withholding of

redacted portions of AFI records.

In order to properly invoke Exemption 7(E), an agency must "demonstrate logically how

the release of the requested information might create a risk of circumvention of the law."
*Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (citing *Mayer Brown LLP v. IRS*, 562 F.3d
1190, 1194 (D.C. Cir. 2009)). An agency must also provide a "relatively detailed justification"
for each record that permits the reviewing court to make a meaningful assessment of the
redactions and to understand how disclosure would create a reasonably expected risk of
circumvention of the law. *Strunk v. U.S. Dep't of State*, 845 F. Supp. 2d 38, 47 (D.D.C. 2012)
(citing *Blackwell*, 646 F.3d at 42)). The agency declaration in this case is not sufficient to
establish that all responsive, non-exempt records have been disclosed as required under the
FOIA.

Unlike the cases on which CBP relies, this case does not involve records containing
emergency action plans related to law enforcement activities *during* or *after* the commission of a
crime, *PEER*, 740 F.3d at 204; computer codes relating to a law enforcement database, *Strunk v.
Dep't of State*, 905 F. Supp. 2d 142, 148 (D.D.C. 2012); legal strategies in investigations
involving electronic surveillance, *Soghoian v. DOJ*, 885 F. Supp. 2d 62, 72 (D.D.C. 2012);
details on how a law enforcement database is "searched, organized, and reported," *Blackwell v.
FBI*, 680 F. Supp. 2d 79, 92 (D.D.C. 2010), *aff'd*, 646 F.3d 37 (D.C. Cir. 2011); or the type of
surveillance equipment, or location and timing of its use, *Showing Animals Respect and
Kindness v. Dep't of the Interior*, 730 F. Supp. 2d 180, 200 (D.D.C. 2010).

Also as discussed above, CBP has failed to release reasonably segregable portions of
responsive records.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Defendant's Motion for Summary Judgment in part and grant EPIC's Motion for Summary Judgment in part.

Dated: June 3, 2016                         Respectfully submitted,

                                            MARC ROTENBERG
                                            EPIC President

                                            ALAN JAY BUTLER
                                            Senior Counsel

                                            /s/ T. John Tran
                                            T. JOHN TRAN
                                            EPIC FOIA Counsel
                                            Electronic Privacy Information Center
                                            1718 Connecticut Ave., NW
                                            Suite 200
                                            Washington, DC 20009

                                            *Counsel for Plaintiff*