UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
ELECTRONIC PRIVACY                     )
        INFORMATION CENTER             )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )   Case No. 1:14-cv-01217-RBW
                                       )
U.S. CUSTOMS AND BORDER PROTECTION     )
                                       )
                                       )
        Defendant.                     )
_____ )

**PLAINTIFF'S SUPPLEMENTAL STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rule 7(h) of the Rules of the United States District Court for the District of Columbia, Plaintiff Electronic Privacy Information Center ("EPIC") hereby submits the following statement of material facts as to which EPIC contends there is no genuine issue in connection with the cross-motion for partial summary judgment.[1]

1.  Defendant U.S. Customs and Border Protection ("CBP") is withholding screen shots of of the Analytical Framework for Intelligence ("AFI") system. Pl.'s Ex. 1 at 5–37, 75–164, ECF No. 21-2; Pl.'s Ex. 2 at 1–8, ECF No. 21-3; *see also* Def.'s *Vaughn* Index at 1–3, 6, ECF No. 21-3.

2.  Disclosure of screen shots would not reveal "techniques and procedures for law enforcement investigations or prosecutions," nor would disclosure "reasonably be

---

[1] This Statement of Material Facts relates to Plaintiff's Opposition and Cross-Motion for Summary Judgment ordered by the Court in the April 11, 2016, Order. Plaintiff also incorporates by reference all previous Statements of Material Fact from the prior cross-motions.

1

expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

    3.    CBP is withholding training material related to AFI. Pl.'s Ex. 1 at 165–208; Pl.'s Ex. 2 at 9–15; Pl.'s Ex. 3 at 8–9, 11, ECF No. 21-4; *see also* Def.'s *Vaughn* Index at 3–7, 9.

    4.    Disclosure of training materials would not reveal "techniques and procedures for law enforcement investigations or prosecutions," nor would disclosure "reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

    5.    CBP is withholding statements of work and purchase orders related to AFI. Pl.'s Ex. 3 at 14–60; *see also* Def.'s *Vaughn* Index at 10–12.

    6.    Disclosure of such material would not reveal "techniques and procedures for law enforcement investigations or prosecutions," nor would disclosure "reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

    7.    CBP is withholding data sources related to AFI. Pl.'s Ex. 3 at 1–7; *see also* Def.'s *Vaughn* Index at 8–9.

    8.    Disclosure of training materials would not reveal "techniques and procedures for law enforcement investigations or prosecutions," nor would disclosure "reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

Dated: June 3, 2016

Respectfully submitted,

MARC ROTENBERG
EPIC President

ALAN JAY BUTLER
Senior Counsel

/s/ T. John Tran
T. JOHN TRAN

EPIC FOIA Counsel
Electronic Privacy Information Center
1718 Connecticut Ave., NW
Suite 200
Washington, DC 20009

*Counsel for Plaintiff*