UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
ELECTRONIC PRIVACY                        )
INFORMATION CENTER,                       )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )   Civil Action No. 14–1217 (RBW)
                                          )
CUSTOMS AND BORDER                        )
PROTECTION,                               )
                                          )
            Defendant.                    )
_____)

## MEMORANDUM OPINION

The plaintiff, Electronic Privacy Information Center, submitted a request to the defendant, Customs and Border Protection, a component of the Department of Homeland Security ("DHS"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), seeking documents relating to the defendant's Analytical Framework for Intelligence ("AFI") system.  Complaint ("Compl.") ¶ 2.  The defendant has produced, in whole or in part, some documents in response to the FOIA request, and withheld certain other records pursuant to Exemption 7(E) of the FOIA, 5 U.S.C. § 552(b)(7)(E).  See Joint Status Report at 2, ECF No. 13 (Feb. 27, 2015).  The Court previously denied the defendant's initial motion for summary judgment, but granted in part and denied in part the plaintiff's motion, and in so doing, ordered the government to provide a more detailed Vaughn index supporting its reliance on Exemption 7(E).  See Elec. Privacy Info. Ctr. v. Customs & Border Prot., 160 F. Supp. 3d 354, 360–61 (D.D.C. 2016) (Walton, J).  The parties' renewed cross-motions for summary judgment are currently pending before the Court.  See Defendant's Consolidated Reply and Opposition to

Plaintiff's Cross-Motion for Summary Judgment ("Def.'s Mot.")[1]; Plaintiff's Combined Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Pl.'s Mot."). Upon careful consideration of the parties' submissions,[2] the Court concludes that it must deny the plaintiff's motion and grant the defendant's motion.

## I. BACKGROUND

The Court previously set forth the relevant background of this case, see 160 F. Supp. 3d at 356–57, which is unnecessary to revisit for the purpose of resolving the motions now pending resolution. Following the Court's resolution of the parties' first round of summary judgment motions, the defendant submitted a revised declaration and Vaughn index, see Supp. Burroughs Decl. ¶ 4 ("The purpose of this declaration and the attached Vaughn [i]ndex is to provide additional information as to why certain information was withheld from public disclosure pursuant to [Exemption 7(E)] in response to this Court's order from February 17, 2016 . . . ."), pursuant to which the defendant continues to withhold 269 pages of documents in whole or in part. Pl.'s Mem. at 13. The parties' renewed cross-motions concern four categories of information related to the AFI system that have been withheld by the defendant pursuant to Exemption 7(E): (1) screen shots of the system, Pl.'s Supp. Facts ¶ 1; (2) training materials for the system, id. ¶ 3; (3) "statements of work and purchase orders related to" the system, id. ¶ 5; and (4) sources of data for the AFI system, id. ¶ 7.

---

[1] Although the defendant did not style this document as a motion, the Court construes it as a renewed motion for summary judgment by virtue of its incorporation of the defendant's original summary judgment motion. See Def.'s Mot. at 2.

[2] In addition to the documents already identified, the Court considered the following submissions in rendering its decision: (1) the initial Declaration of Sabrina Burroughs ("Initial Burroughs Decl."); (2) the Supplemental Declaration of Sabrina Borroughs ("Supp. Borroughs Decl."); (2) the Notice of Filing Vaughn Index ("Index"); (3) the Memorandum of Law in Support of Plaintiff's Opposition and Cross-Motion for Summary Judgment ("Pl.'s Mem."); (4) the Defendant's Reply in Support of Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Def.'s Reply"); and (5) the Plaintiff's Reply in Support of the Cross-Motion for Summary Judgment ("Pl.'s Reply").

## II.     STANDARD OF REVIEW

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. See Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000)). The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). The non-moving party, however, cannot rely on "mere allegations or denials." Burke v. Gould, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting Anderson, 477 U.S. at 248). Thus, "[c]onclusory allegations unsupported by factual data will not create a triable issue of fact." Pub. Citizen Health Research Grp. v. Food & Drug Admin., 185 F.3d 898, 908 (D.C. Cir. 1999) (alteration in original) (quoting Exxon Corp. v Fed. Trade Comm'n, 663 F.2d 120, 126–27 (D.C. Cir. 1980)). If the Court concludes that "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Moreover, "in ruling on cross-motions for summary judgment, the [C]ourt shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed." Shays v. Fed. Election Comm'n, 424 F. Supp. 2d 100, 109 (D.D.C. 2006) (citation omitted).

"FOIA cases are typically resolved on . . . motion[s] for summary judgment." Ortiz v. U.S. Dep't of Justice, 67 F. Supp. 3d 109, 116 (D.D.C. 2014); see also Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). "[The] FOIA requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by the

3

statute's exemptions." Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (citation omitted). In a FOIA action, the defendant agency has "[the] burden of demonstrating that the withheld documents [requested by the FOIA requester] are exempt from disclosure." Boyd v. U.S. Dep't of Justice, 475 F.3d 381, 385 (D.C. Cir. 2007) (citation omitted). The Court will grant summary judgment to the government in a FOIA case only if the agency can prove "that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Friends of Blackwater v. U.S. Dep't of Interior, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (quoting Greenberg v. U.S. Dep't of Treasury, 10 F. Supp. 2d 3, 11 (D.D.C. 1998)). To satisfy its burden and prove that it has fully discharged its FOIA obligations, a defendant agency typically submits a Vaughn index, which provides "a relatively detailed justification" for each withheld document, "specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of [the] withheld document to which they apply." King v. Dep't of Justice, 830 F.2d 210, 219 (D.C. Cir. 1987) (quoting Mead Data Cent. v. U.S. Dep't of Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977)); see also Vaughn v. Rosen, 484 F.2d 820, 826–27 (D.C. Cir. 1973) (setting forth requirements for the agency's description of documents withheld to allow a court to assess the agency's claims). Thus, in a lawsuit brought to compel the production of documents under the FOIA, "an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly[, or partially,] exempt [from disclosure].'" Students Against Genocide, 257 F.3d at 833 (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)).

### III. ANALYSIS

#### A. The Applicability of Exemption 7(E)

Pursuant to Exemption 7(E), an agency may withhold:

> [R]ecords or information <u>compiled for law enforcement purposes</u>, but only to the extent that the production of such law enforcement records or information . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law . . . .

5 U.S.C. § 552(b)(7)(E) (emphasis added). The plaintiff does not challenge whether the records withheld by the defendant were "compiled for law enforcement purposes," a threshold requirement for the applicability of Exemption 7(E), <u>see</u> Pl.'s Mem. at 5 (arguing only that the defendant's motion should be denied for reasons pertaining to the specific language of subparagraph (E) of Exemption 7), and the Court will thus turn to the question of whether the records would disclose techniques, procedures, or guidelines for law enforcement investigations or prosecutions.[3]

Explaining the reasons for its reliance on Exemption 7(E), the defendant states that the AFI system's "capabilities and tools provide . . . the ability to detect trends, patterns, and emerging threats," which "are critical tools used by [Customs and Border Protection] officers to efficiently and effectively carry out [the defendant's] mission to prevent terrorists, their weapons,

---

[3] The plaintiff argues that the defendant's supplemental declaration and <u>Vaughn</u> index merely restate boilerplate objections and add little to the defendant's original statements and arguments on summary judgment. <u>See</u> Pl.'s Mem. at 5 ("The record before the Court shows that the agency has once again failed to establish that the disputed records are properly withheld under Exemption 7(E)."). The Court disagrees, finding instead that the Supplemental Burroughs Declaration and <u>Vaughn</u> index provide a sufficiently detailed explanation of each category of documents withheld from which the Court can make a reasoned assessment of the applicability of the claimed exemption. <u>See, e.g.</u>, <u>Clemente v. FBI</u>, 741 F. Supp. 2d 64, 80 (D.D.C. 2010) ("The <u>Vaughn</u> index and/or accompanying affidavits or declarations must 'provide[] a relatively detailed justification [for any nondisclosure], specifically identif[y] the reasons why a particular exemption is relevant, and correlate[] those claims with the particular part of a withheld document to which they apply.'" (quoting <u>Judicial Watch, Inc. v. FDA</u>, 449 F.3d 141, 146 (D.C. Cir. 2006) (alterations in original))).

and other dangerous items from entering the United States." Supp. Borroughs Decl. ¶ 9. In its opposition, the plaintiff contends that the defendant has failed to show that the AFI-related records at issue in this case are utilized for investigations or prosecutions, Pl.'s Mem. at 6–8, asserting that "[i]nvestigations or prosecutions under 7(E) include only 'acts by law enforcement [occurring] <u>after</u> or <u>during</u> the commission of a crime, not crime-prevention techniques,'" <u>id.</u> at 6 (quoting <u>Elec. Privacy Info. Ctr. v. DHS</u>, 999 F. Supp. 2d 24, 31 (D.D.C. 2013), <u>rev'd on other grounds</u>, 777 F.3d 518 (D.C. Cir. 2015)). But as this Court has observed in another case, nothing in the FOIA's language suggests that Exemption 7(E)'s scope is limited to records compiled in connection with <u>criminal</u> investigations. See <u>Henderson v. Office of the Dir. of Nat'l Intelligence</u>, 151 F. Supp. 3d 170, 176 (D.D.C. 2016) (Walton, J.) ("If congress intended to limit Exemption 7(E)'s application to records compiled for criminal purposes only, it certainly knew how to do so." (citing, as an example, 5 U.S.C. § 552(b)(7)(D), which refers to records "compiled by a criminal law enforcement authority in the course of a criminal investigation")). The Court therefore rejects this argument by the plaintiff as unsupported by the statutory text of the FOIA.

The plaintiff next argues that the defendant has failed to show how disclosure of the withheld documents "could reasonably be expected to risk circumvention of the law." Pl.'s Mem. at 8 (quoting 5 U.S.C. § 552(b)(7)(E)).

> Exemption 7(E) sets a relatively low bar for the agency to justify withholding: "Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law."

<u>Blackwell v. FBI</u>, 646 F.3d 37, 42 (D.C. Cir. 2011) (alteration in original) (quoting <u>Mayer Brown LLP v. Internal Revenue Serv.</u>, 562 F.3d 1190, 1193 (D.C. Cir. 2009)). Exemption 7(E)

6

> looks not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk.

Mayer Brown, 562 F.3d at 1193.

Here, the Court finds for several reasons that the Supplemental Burroughs Declaration and Vaughn index, contrary to the plaintiff's assertions of dubiousness and implausibility, see Pl.'s Mem. at 9, provide a lengthy description of each of the types of records withheld from disclosure and the risk of harm should the information withheld from these records be disclosed. First, regarding the screen shots and training materials withheld by the defendant, the Vaughn index states, inter alia, that records containing screen shots of the AFI system are used "to teach the law enforcement trainee techniques related to [the] AFI, including how to access the AFI system, how to navigate [the] AFI and its different components, and how to input, change, edit, and delete information in the AFI system." Index at 1. These records are described also to include reference cards that "provide[] an overview of key elements and techniques which can be used by law enforcement officers within the AFI application," and "keyboard shortcuts and other techniques designed to assist in navigation of the AFI application." Id. at 3. Also included in the training materials are practical exercises and answers "used to test a law enforcement trainee's proficiency with using the key elements, techniques, and functionalities within the AFI application." Id. at 4. Furthermore, the materials contain "detailed instructions" on "how to request access to the [AFI] system" and "approve access to the AFI application." Id. at 5. The defendant states that the "[d]isclosure of this information could enable unauthorized users to gain access to [or, hack into] the system and alter, add, or delete information altogether, thus destroying the integrity of the system," id. at 9, "reasonably allow a person to recognize

identifiers that law enforcement uses to query [Customs and Border Protection] databases," id. at 4, or "reveal [Customs and Border Protection] targeting and inspection techniques used in the processing of international travelers to identify persons seeking to violate U.S. law or otherwise of concern to law enforcement," Supp. Burroughs Decl. ¶ 13.  The defendant further represents that "[c]riminals could use this information to circumvent the law by developing countermeasures aimed at defeating the effectiveness of these search techniques."  Id.  The Court agrees that the disclosure of records detailing the function, access, navigation, and capabilities of the AFI system, which "enhances [DHS's] ability to identify, apprehend, and prosecute individuals who pose a potential law enforcement or security risk, and aids in the enforcement of customs and immigration laws," id. ¶ 8 (citation omitted), presents a risk that could facilitate circumvention of the law that is logically connected to the content of the withheld documents, see Blackwell, 646 F.3d at 42 ("[E]xemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." (alteration in original)); see also Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice, 160 F. Supp. 3d 226, 243 (D.D.C. 2016) ("[The agency] explained that releasing information about training and the associated equipment procedures 'is tantamount to releasing information about the actual employment of the procedures and techniques themselves.'  The Court agrees . . . .").

The plaintiff also challenges the withholding of "statements of work" and supply orders related to the AFI system.  Pl.'s Mem. at 13.  The defendant states that each statement of work "identifies database-specific information identifying LexisNexis [p]roducts, the release of which would disclose the type of searches conducted, and the law enforcement techniques and methods by which data is searched, organized[,] and reported."  Index at 7.  Further, the defendant

represents that the statement of work "also includes descriptions of security services and critical infrastructure, the release of which could reasonably allow a person to recognize technologies and infrastructure critical to safeguarding law enforcement information." Id.  The defendant also states that the statements of work "include[] descriptions of security services, critical infrastructure, and encryption standards" used to protect law enforcement information.  Supp. Burroughs Decl. ¶ 15.  Similarly, the supply orders contain information about LexisNexis products used by the defendant, "which would disclose law enforcement techniques and methods by which data is searched, organized[,] and reported [by Customs and Border Protection]," and furthermore, "when read as a whole with the rest of the supply order, . . . could reasonably allow a person to recognize identifiers that law enforcement uses to query LexisNexis databases [via the AFI]."  Index at 7.  The Court agrees that disclosure details regarding products or services utilized by the defendant to search, organize, or report information in the AFI system presents a risk of circumvention of the law when those records could reasonably be used by potential bad actors to thwart the defendant's law enforcement efforts.  See, e.g., Soghoian v. U.S. Dep't of Justice, 885 F. Supp. 2d 62, 75 (D.D.C. 2012) ("Knowing what information is collected, how it is collected, and more importantly, when it is not collected, is information that law enforcement might reasonably expect to lead would-be offenders to evade detection.").

Similarly, the defendant notes that the data sources it has withheld would disclose "the source of several different types of data that are available in [the] AFI," "explain[] how to search [the] AFI for each source," and includes "a description of data found in each source."  Index at 8.  The defendant further notes that the data source documents also include a survey that summarizes "potential data sources for ingestion into [the] AFI," as well as a document that "gives a detailed description of each data source and how it relates to [the] AFI," and "describes

9

where, specifically, in the AFI the user would go to access the data source." Id. at 8–9. Based on these descriptions, the Court is satisfied that the disclosure of the sources of data utilized by the AFI system risks circumvention of the law because the data sources "could reasonably allow a person to recognize identifiers that law enforcement use to query" the defendant's information databases and thus circumvent detection. Id. at 9. The Court therefore concludes that the defendant has satisfied its burden of establishing that the disclosure of the four categories of records at issue risks circumvention of the law.

### B. Segregability

Under the FOIA, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b); see also Roth v. U.S. Dep't of Justice, 642 F.3d 1161, 1167 (D.C. Cir. 2011) ("[E]ven if [the] agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested record(s)." (alteration in original) (citation omitted)). Thus, "[i]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." Wilderness Soc'y v. U.S. Dep't of Interior, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) (Walton, J.) (alteration in original) (quoting Mead Data, 566 F.2d at 260). The agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." Valfells v. CIA, 717 F. Supp. 2d 110, 120 (D.D.C. 2010).

> And while "[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," . . . "a blanket declaration that all facts are so intertwined to prevent disclosure under the FOIA does not constitute a sufficient explanation of non-segregability[,] . . . rather, for each entry the defendant is required to specify in detail which portions of the document are disclosable and which are allegedly exempt."

Sciacca v. FBI, 23 F. Supp. 3d 17, 28 (D.D.C. 2014) (first quoting Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1116 (D.C. Cir. 2007), then Wilderness Soc'y, 344 F. Supp. 2d at 19). Indeed, "[b]efore approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld." Sussman, 494 F.3d at 1116.

The plaintiff asserts that the defendant's declaration fails to establish that all reasonably segregable information from the records at issue has been provided to the plaintiffs, see Pl.'s Mem. at 11–12, but the Court disagrees. Although the Burroughs Declaration merely recites the segregability standard, see Initial Burroughs Decl. ¶ 36 ("All information withheld is exempt from disclosure pursuant to a FOIA exemption or is not reasonably segregable because it is so intertwined with protected material that segregation is not possible or its release would have revealed the underlying protected material."); see also Supp. Burroughs Decl. ¶ 5 (incorporating the initial Burroughs Declaration by reference), the Vaughn index provides greater insight into the contents and length of each withheld document, see generally Index, and when read in conjunction with the declarations, the Court concludes that the defendant's has provided "a detailed justification," as opposed to "just conclusory statements," showing that it has complied with the segregability requirement. The Court therefore finds that the defendant has met its burden of showing that it has released all reasonably segregable, nonexempt records in response to the plaintiff's FOIA request and that summary judgment must be granted in the defendant's favor.

## IV.    CONCLUSION

For the reasons stated above, the Court will grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment.[4]

**SO ORDERED** this 24th day of March, 2017.

REGGIE B. WALTON<br>
United States District Judge

---

[4] The Court will contemporaneously issue an order consistent with this Memorandum Opinion.