# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                       )
ELECTRONIC PRIVACY                 )
INFORMATION CENTER,              )
                                       )
        Plaintiff,                     )
                                       )
       v.                         )    Case No. 1:14-cv-01217-RBW
                                       )
U.S. CUSTOMS AND BORDER PROTECTION,  )
                                       )
        Defendant.                  )
_____ )

**PLAINTIFF'S MOTION TO HOLD IN ABEYANCE THE BRIEFING ON ATTORNEYS' FEES AND COSTS PENDING THE RESOLUTION OF THE APPEAL**

Plaintiff Electronic Privacy Information Center (EPIC) respectfully moves this Court pursuant to Fed. R. Civ. P. 54(d)(2) and LCvR 54.2(a) to hold in abeyance the briefing on attorneys' fees and costs pending the resolution of the appeal. In support of this motion, EPIC states as follows:

    1.    On March 24, 2017, this Court entered its final judgment denying EPIC's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

    2.    On April 6, 2017, EPIC filed a Notice of Appeal of this Court's judgment to the United States Court of Appeals for the District of Columbia Circuit.

    3.    "After a decision has been made that there will be an appeal, the Court shall make a specific determination as to whether, in the interest of justice, the fee issues, in whole or in part, should be considered or be held in abeyance pending the outcome of the appeal." LCvR 54.2(b),

1

4.      EPIC believes that it is appropriate for this Court to postpone consideration any fee issues pending the resolution of the appeal. Any motion for attorneys' fees and costs may include time and expenses with respect to the pending appeal. In addition, the proposed schedule would also allow the parties to attempt to resolve the fee issue through good faith settlement negotiations prior to the filing of any motion with this Court. Accordingly, EPIC seeks entry of the attached order, which would hold briefing of EPIC's fee claims in abeyance pending the resolution of the appeal.

5.      Under the proposed schedule, the parties would file a joint status report setting a schedule for resolution of EPIC's claims for attorneys' fees and costs, within 14 days after the resolution of the appeal.

6.      In a prior Freedom of Information Act case, EPIC refrained from bringing fee issues to the court's attention until after EPIC's appeal was resolved. *EPIC v. DHS*, 197 F. Supp. 3d 290, 294 (D.D.C. 2016). The court held that EPIC's fee request was timely, emphasizing that "the fourteen-day deadline of Rule 54 is not a fatal jurisdictional deadline," but encouraged EPIC to give timely notice of intent to seek fees. *Id.* (quoting *American Immigration Council v. DHS*, No. 11–1972, ECF No. 52 (Memorandum Order and Opinion) at 2 (D.D.C. Sept. 24, 2014)).

7.      In view of the above, EPIC is providing the Court with prompt notice of its intention to seek attorneys' fees and costs in this matter. Because the fourteen-day deadline of Fed. R. Civ. P. 54(d)(2)(B) falls on April 7, this notice is both timely and punctual.

8.      Pursuant to LCvR 7(m), EPIC contacted counsel for the Defendant in a good-faith effort to determine whether there is any opposition to the motion, but the agency did not respond.

For the above stated reasons, Plaintiff EPIC respectfully asks this Court to grant this motion holding in abeyance the briefing on any motions for attorneys' fees and costs.

Dated: April 7, 2016  	Respectfully submitted,

MARC ROTENBERG
EPIC President

/s/ Alan Butler
ALAN JAY BUTLER
Senior Counsel
Electronic Privacy Information Center
1718 Connecticut Ave., NW
Suite 200
Washington, DC 20009

*Counsel for Plaintiff*