No. 17-5078 September Term, 2016

1:14-cv-01217-RBW

Filed On: August 1, 2017

Electronic Privacy Information Center,
    Appellant

v.

United States Customs and Border Protection,
    Appellee

**BEFORE:** Millett, Pillard, and Wilkins, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Contrary to appellant's argument, the scope of the Freedom of Information Act's Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), is not limited to records the release of which would disclose techniques, procedures or guidelines for *criminal* law enforcement investigations or prosecutions. See, e.g., Sack v. Dep't of Def., 823 F.3d 687, 694-95 (D.C. Cir. 2016) (holding that Exemption 7(E) shielded from disclosure Department of Defense records concerning polygraph examinations because, inter alia, such examinations are used to screen applicants for security clearances); Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l Water Boundary & Water Comm'n, U.S.–Mexico, 740 F.3d 195, 204-05 (D.C. Cir. 2014) (holding that emergency action plans for dam failures were properly withheld under Exemption 7(E)). Furthermore, appellant has shown no error in the district court's conclusions that disclosure of the records at issue "could reasonably be expected to risk circumvention of the law" for purposes of Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), and that appellee released all reasonably segregable material, see 5 U.S.C. § 552(b).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**